■ TERRY SCARSELLA et al., Respondents, v HENRY J. HARJES, Appellant. [651 NYS2d 695] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Carpinello, J.), entered July 5, 1995 in Ulster County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered October

---

16, 1995 in Ulster County, which denied defendant's motion to set aside the verdict.

In January 1991, plaintiff Terry Scarsella (hereinafter plaintiff) went to defendant's used car lot to buy a pick-up truck with a plow for snow removal purposes. After viewing the truck on the lot, plaintiff described it as old with rust all over yet testified that defendant told him that the truck ran like a tank and was in good working order. Briefly discussing price, defendant allowed him to take the truck home on a trial basis. If plaintiff was satisfied, defendant assured him that they would agree on a price.

Having driven the truck home without incident, plaintiff used it several days later after a large storm. He plowed for four or five hours with the heat on and the windows closed. Not noticing any unusual sound or smell, plaintiff testified that as he was returning home, he felt numbness, had a severe headache and shortness of breath. In his increased panic, when attempting to exit, he fell out of the truck to the ground. He was taken to the emergency room, but returned home the same day. After numerous tests, various visits to the hospital and consultation with physicians, he was diagnosed with chemical sensitivity syndrome as a result of carbon monoxide poisoning.

Plaintiff, and his wife derivatively, commenced a negligence action against defendant, prompting his imposition of both contributory negligence and assumption of risk defenses. At trial, after all witnesses testified and before closing arguments were presented, Supreme Court granted plaintiffs' application, over objection, to amend the pleadings to allow assertion of a claim for strict products liability. In commencing its charge to the jury, Supreme Court assured the members of the jury that they would not be required to memorize the law and that they would be given a list of written questions to help them with their deliberations. After charging on both common-law negligence and strict products liability, as well as the affirmative defenses asserted by defendant, the jury was given a verdict sheet containing 17 written questions.

The jury began deliberating shortly after 6:00 P.M. At approximately 8:00 P.M., they sent out a note requesting clarification of the charges. After a reread, they requested the charges in writing. Supreme Court then explained that it would reread to them as many times as necessary but would not provide a copy. The jury continued deliberating. Returning to the courtroom at 10:20 P.M. to determine if they should retire for the night, the jury advised that they believed that they could complete their deliberations that evening if allowed to

continue. At 11:25 P.M., the jury rendered their verdict. Upon such verdict, as relevant hereto, they found defendant wholly negligent in providing the truck to plaintiff and that while the truck was defective and that such defect was a substantial factor in causing plaintiff's injuries, that plaintiff could have discovered the defect, realized its dangers and, by the use of reasonable care, avoided the injuries. After judgment was entered in favor of plaintiffs, defendant moved to set aside the verdict as inconsistent. Supreme Court denied the motion, prompting this appeal.

While defendant poses several grounds upon which he contends that a new trial is warranted, we find that the claim of inconsistency in the verdict first warrants our review. When responses to submitted questions are inconsistent with one another, it is well settled that the proper remedy is either to order the jury to reconsider its inconsistent responses or to order a new trial (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518; Schaeffer v Lipton, 217 AD2d 845, 847; Trotter v Johnson, 210 AD2d 946, 947; Vera v Bielomatik Corp., 199 AD2d 132, 133).

We agree that the jury's responses to interrogatories were inconsistent and evidenced substantial juror confusion. A new trial is warranted.

In light of our determination we need not reach the other errors alleged.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment and order are reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.