■ Ivette Rivera, Respondent, v Peter Majuk, Appellant. [681 NYS2d 843] —Carpinello, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered January 26, 1998 in

Sullivan County, which, *inter alia*, granted plaintiff's motion to set aside the verdict and ordered a new trial.

Plaintiff was injured in November 1995 when the motor vehicle in which she was a passenger was struck by a motor vehicle driven by defendant. Plaintiff subsequently commenced this negligence action which was tried before a jury in December 1997 solely on the issue of damages. At the beginning of their deliberations, the jury was given a verdict sheet with seven questions. The first three concerned whether plaintiff had suffered a compensable "serious injury" within the meaning of Insurance Law § 5102 (d). The jury was instructed that they were to answer the subsequent four questions (which related to the amount of damages to be awarded) only if they had answered "yes" to any of the first three questions, inasmuch as no damages could be awarded if it was determined that plaintiff had not suffered the requisite "serious injury". When the jury returned with their verdict, the Court Clerk read aloud only their responses to the first three questions on the verdict sheet (each of which the jury had answered in the negative). Not realizing that the jurors had also answered the subsequent four questions, in contravention of the jury instructions, Supreme Court excused them. Before posttrial motions could be heard, however, all six jurors returned to the courtroom to inquire as to why their responses to the last four questions had not been read, including their award of $10,000 in damages to plaintiff. Upon questioning the jurors, Supreme Court determined that they had become confused, resulting in their rendering the inconsistent verdict finding that plaintiff had not suffered a "serious injury" but that she was eligible for damages in the amount of $10,000. Deeming it inappropriate to send the jurors back to reconsider their verdict after they had been discharged, Supreme Court declared a mistrial and granted plaintiff's motion for a new trial. Defendant appeals.

Since entry of the order from which defendant now appeals, a second jury trial has been held before Supreme Court which resulted in a final judgment, entered May 28, 1998, ruling that plaintiff did sustain a "serious injury" as defined by the Insurance Law and awarding her damages in the amount of $35,000. The entry of that final judgment precludes the continuance of this appeal from an intermediate order in the same case (*see, Lauer v City of New York*, 240 AD2d 543, *lv denied* 91 NY2d 807; *Jarvis v Dianto*, 210 AD2d 380, 381, *lv denied* 85 NY2d 811). The instant appeal is, accordingly, dismissed.

Were we to review the merits of this appeal, we would affirm Supreme Court's order. Its declaration of a mistrial and grant-

ing of plaintiff's motion for a new trial did not constitute an abuse of discretion given the circumstances presented here which included an inconsistent verdict discovered only after the jurors had been dismissed (*see, Kim v Cippola*, 231 AD2d 886; *see also, Scarsella v Harjes*, 234 AD2d 874, 876).

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the appeal is dismissed, without costs.