**Mary VISCUSI, Plaintiff–Appellant,**

v.

**P & G–CLAIROL, Inc.,\***
**Defendant–Appellee.**

**No. 07–3308–cv.**

United States Court of Appeals, Second Circuit.

Sept. 23, 2009.

Mary Viscusi, pro se, Forest Hills, NY, for Appellant.

Joseph L. Mooney, Goldberg Segalla L.L.P., Buffalo, NY, for Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, and JANE A. RESTANI,\*\* Judge.

### SUMMARY ORDER

Appellant Mary Viscusi, *pro se,* appeals from the district court's grant of P & G—Clairol, Inc.'s ("P & G") motion for summary judgment on Viscusi's complaint alleging New York state law claims for strict

---

\* The Clerk of Court is directed to amend the caption.

\*\* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

products liability, negligence, and breach of warranty incident to injuries Viscusi allegedly sustained from her use of P & G's hair dye product, Nice 'N Easy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (citation and internal quotations omitted).

■ Under New York law, "[i]t is well settled that, whether [an] action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury." *Fritz v. White Consol. Indus., Inc.,* 306 A.D.2d 896, 762 N.Y.S.2d 711, 714 (N.Y.App.Div.2003) (citation and internal quotations omitted); *see Kosmynka v. Polaris Indus., Inc.,* 462 F.3d 74, 86 (2d Cir.2006) ("Both negligence and strict products liability ... require a showing of product 'defect.' "). Although we assume, as the district court did, that genuine issues of material fact exist as to whether Viscusi sustained an allergic reaction from her use of Nice 'N Easy, because she failed to present sufficient evidence of a defect in the product, all of her claims failed as a matter of law. Accordingly, summary judgment as to all of Viscusi's claims was appropriate.

■ Viscusi argues that the district court erred by excluding the testimony of her expert witness, Dr. Leon Weinstein. We review the district court's decision to admit or exclude expert testimony under Federal Rule of Evidence 702 for abuse of discretion. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *United States v. Salameh,* 152 F.3d 88, 129 (2d Cir.1998). Here, Dr. Weinstein admitted that he was a primary care physician who lacked any specialization in dermatology, allergy neurology, or epidemiology, and that he never examined Viscusi's scalp nor observed any burns, rashes, or blisters.

Based on these facts, the district court did not abuse its discretion in determining that, under Rule 702, Dr. Weinstein was unqualified to render an expert opinion, and that his opinion was insufficiently reliable. *See Nimely v. City of New York,* 414 F.3d 381, 395–96 & n. 11 (2d Cir.2005) (to satisfy Rule 702, expert must, *inter alia,* be "qualified as an expert by knowledge, skill, experience, training or education," whose opinion has "the required indicia of scientific reliability") (quoting Fed.R.Evid. 702).

Although she argues that she was unable to prove her case because she lacked experts on causation, that issue was not dispositive of her claims. Rather, the district court correctly granted summary judgment to P & G because Viscusi failed to present any evidence of a product defect.

We have reviewed Viscusi's remaining claims and find that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**