■ VICTORIA Y. McSWEENEY, Appellant, v. SALOMAN LEVIN, Respondent. — Order entered February 27, 1969 reversed on the law and the facts and in the exercise of discretion and motion to serve an amended bill of particulars as proposed granted, on condition that plaintiff pays costs of the action to date and $30 costs and disbursements on this appeal. In this personal injury action plaintiff was awarded a verdict in the sum of $90,000 in April, 1966. This court in 27 A D 2d 916 reversed and ordered a new trial with respect to the issue of damages only, holding that the only serious issue was the extent of the injuries. We held that error was committed in permitting plaintiff to prove a post-traumatic convulsive disorder claimed to be causally related to the injuries sustained in the accident when such convulsive disorder was neither envisaged in the complaint nor fairly embraced within the bill of particulars, and no reference to it made in any medical certificate supplied under the medical exchange rules. We also ruled that it was incumbent upon plaintiff to amend her bill of particulars and to comply with the rule pertinent to the service of supplemental medical reports. Pursuant to that order plaintiff moved to amend the bill of particulars to include further special damages and to specify that plaintiff was suffering from a post-traumatic epilepsy or post-traumatic convulsive disorder. The motion was granted at Special Term. That order was reversed by this court in 30 A D 2d 654 without prejudice to a proper application. We held that it was incumbent on plaintiff to show a reason for the delay in making the application and to set forth facts excusing

the failure necessitating the amendment. Pursuant to our holding a new motion was made to amend the bill of particulars. Special Term denied the motion. This appeal followed. We feel that plaintiff has satisfactorily explained the reason for the delay and that the relief sought should have been granted. It has been a long time-honored rule that a party may amend his pleadings at any time by leave of the court and that such leave shall be freely given (see CPLR 3025 subd. [b]; *Muller* v. *City of Philadelphia*, 113 App. Div. 92, 96). In our view it was error to deny the relief sought because Mrs. McSweeney and her husband failed to suspect that seizures, suffered by Mrs. McSweeney in May of 1964 and thereafter, were related to an accident occurring a year earlier and immediately to voice such suspicion to their attorney. Plaintiff should be permitted to amend her bill of particulars so that the question of the claimed convulsive disorder may be litigated. The denial of her application by Special Term was an improvident exercise of discretion. (*Weisent* v. *City of New York*, 29 A D 2d 776; *Cascia* v. *Maze Woodenware Co.*, 29 A D 2d 964; *Gonzales* v. *Concourse Plaza Syndicate*, 27 A D 2d 516.) However, the amendment should be allowed upon terms, which should include payment of costs of the action to date, and the costs and disbursements on this appeal. Concur — Eager, J. P., Capozzoli and Nunez, JJ.; Tilzer and McNally, JJ., dissent in the following memorandum: We dissent and vote to affirm. This case has been here twice before. In 27 A D 2d 916, in ordering a new trial to determine plaintiff's damage, we held that trial court "erred in permitting plaintiff to introduce evidence of a post-traumatic convulsive disorder claimed to be causally related to the injuries sustained at the time of the accident, which occurred on August 8, 1963. Such injury was neither envisaged in the complaint nor fairly embraced within the bill of particulars". We further held that this plaintiff had knowledge of this disability more than two years before the trial, and under those circumstances it was incumbent upon her to amend her bill of particulars and comply with the rule of this court pertaining to the service of supplemental medical reports, and that only upon such compliance could defendant be fairly apprised of the full extent and nature of the claim asserted against him. In 30 A D 2d 654 we held that "It was incumbent on plaintiff to show a reason for the delay in making the application and to set forth facts excusing the failure or negligence necessitating the amendment as far as these facts are within the knowledge of the plaintiff". In our opinion plaintiff has woefully failed to meet these requirements. As very cogently stated by Mr. Justice Gold at Special Term, the instant application fails entirely to set forth evidentiary or detailed facts constituting a reasonable or acceptable statement by plaintiff as to why she did not inform her attorney of her physical condition and of her repeated visits to and examinations by certain physicians, and although she claims that she had this manifested disability some two years before her initial trial, she offers no reasonable excuse for her failure to timely move to amend her bill of particulars and to supply defendant with the required medical information. The lengthy period between the date of the accident, the date of plaintiff's knowledge of her claimed disorder, and the date of the initial application to amend is prejudicial to defendant by reason of the inordinate passage of time. No reasonable explanation has been made to excuse these dilatory tactics, nor has there been sufficient explanation made to warrant the majority decision which compels defendant to defend against this stale claim. Settle order on notice.