■ REGINA KIM, Respondent, v JOSEPH CIPPOLA, Appellant. (Appeal No. 1.) [647 NYS2d 596] —Judgment unanimously reversed on the law without costs, motion granted and new trial granted. Memorandum: The jury in this personal injury action rendered a verdict in favor of plaintiff and awarded her damages of $75,000. The unanimous verdict was reported by the foreperson, who answered questions read by the court clerk from the verdict sheet. The first two questions concerned defendant; the jury found that defendant was negligent and that his negligence was a substantial factor in causing injury to plaintiff.

The third question, whether plaintiff was also negligent, was answered "Yes". The fourth question, whether plaintiff's negligence was a substantial factor in causing the accident, was answered "No". The court clerk, following instructions on the verdict sheet, skipped the fifth question, which asked the jury to apportion liability, and proceeded to questions regarding damages. Supreme Court informed the parties' attorneys on the following day that, despite the instruction to skip the fifth question on the verdict sheet, the jury had answered it and apportioned liability as follows: "a.) Joseph Cippola 70%; b.) Regina Kim 30%."

We agree with defendant that the jury's apportionment of liability is inconsistent with the jury's finding that plaintiff's negligence was not a substantial cause of the accident (*see, Trotter v Johnson*, 210 AD2d 946; *cf., Schermerhorn v Warfield*, 213 AD2d 877, 878). Because the verdict sheet "demonstrate[s] substantial confusion by the jury" in reaching its verdict (*Trotter v Johnson, supra,* at 947; *see, McStocker v Kolment*, 160 AD2d 980), the court erred in denying defendant's motion for a new trial.

We reject plaintiff's contention that the issue is unpreserved. Although an objection to an inconsistent verdict must generally be raised before the jury is discharged (*see, Gorevic v Roy K. Davis, Inc.*, 199 AD2d 239, *lv denied* 83 NY2d 760; *Barone v City of Mount Vernon*, 170 AD2d 557), the parties were not informed until the day after the jury was discharged that it had answered question five on the verdict sheet. Under the cir-

cumstances, defendant had no reason to know that the verdict was inconsistent before the jury was discharged. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Negligence.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.