OPINION OF THE COURT
Thomas V. Polizzi, J.
FACTS
Plaintiffs commenced this action to recover damages for personal injuries and loss of services allegedly sustained as a result of a motor vehicle accident which occurred on October *306 29, 1991 at the intersection of 23rd Street and Queens Plaza North in Long Island City.
During the course of pretrial discovery, defendants requested any and all documents relating to collateral source payments. In response, plaintiffs stated in their bill of particulars that the only collateral source providers were workers’ compensation and no-fault, and provided authorizations for both. At no time was it disclosed that the injured plaintiff, Frank W. Hoffman, was entitled to and/or was receiving Social Security disability benefits arising out of the subject accident.
At the liability phase of the bifurcated trial, fault was determined in favor of plaintiffs. Thereafter, the matter proceeded to a trial on damages before this court. Plaintiff, Frank W. Hoffman, claimed to be totally and permanently disabled as a result of the accident. In his testimony given during the damages phase of the trial, Mr. Hoffman admitted to having previously received collateral source payments for his lost earnings resulting from his accident-related injuries. In this regard, plaintiff testified that he received workers’ compensation benefits, no-fault payments and Social Security disability benefits. (This testimony was elicited through the cross-examination of plaintiff by defendants’ attorney.)
Although plaintiff testified to receiving collateral source payments, the jury returned a verdict which included an award of $135,000 for past lost earnings and $165,000 for future lost earnings.
On or about September 24, 1997, defendants moved for judgment notwithstanding the verdict. As part of their posttrial motion for said relief, defendants requested, in the alternative, that a collateral source hearing be scheduled pursuant to CPLR 4545 (c) to determine what part of the jury’s award for lost earnings may be reduced by plaintiff’s collateral source payments. In connection with their request for a collateral source hearing, defendants also sought duly executed authorizations to the no-fault carrier, New York State disability, the Workers’ Compensation Board, Social Security disability, and any other collateral source provider.
By order dated January 7, 1998, the court denied the defendants’ motion in its entirety. On or about January 30, 1998, defendants then moved to reargue that portion of the January 7, 1998 order which denied a collateral source hearing. By order dated February 23, 1998, this court granted the defendants’ motion to reargue and scheduled a collateral source hearing for March 24, 1998.
*307 In anticipation of the collateral source hearing, defendants’ counsel served a notice of discovery and inspection, returnable March 13, 1998, requesting production of: (1) plaintiffs’ applications for no-fault benefits, workers’ compensation benefits, New York State disability benefits, Social Security disability benefits, and any other collateral source provider; (2) all decisions or awards rendered by any no-fault arbitrator, Workers’ Compensation Law Judge or Social Security Disability Judge deciding plaintiffs’ respective applications for no-fault benefits, workers’ compensation benefits, New York State disability benefits, Social Security disability benefits, and any other collateral source provider; (3) plaintiffs’ Federal and State income tax returns, together with attachments, for the tax years 1991 to date; (4) current authorizations for plaintiffs’ no-fault file, workers’ compensation file, New York State disability file, Social Security file, and any other collateral source provider; and (5) any other documents showing or relating to the amount of benefits received by plaintiffs for no-fault, workers’ compensation, New York State disability benefits, Social Security disability benefits, and any other collateral source provider.
Plaintiffs’ counsel refused to comply with the notice contending that collateral source discovery must be obtained before trial. Plaintiffs’ counsel further argued that notwithstanding the court’s order scheduling the collateral source hearing, post-trial discovery of collateral source payments could not be obtained inasmuch as the court had not specifically ordered discovery.
At a conference held on the date scheduled for the collateral source hearing, March 24, 1998, the attorneys for the plaintiffs and defendants agreed to submit memoranda of law on the issue of postverdict discovery. Plaintiffs’ memo was received on April 20, 1998 and defendants’ memo on May 1, 1998.
ISSUE
The singular issue before this court is whether the defendants are entitled to postverdict disclosure as to certain “collateral source” information.
DECISION
There is no question that the defendants are entitled to a postverdict hearing for the court to determine whether plaintiff is receiving indemnification from any collateral source and, if so, to reduce the amount of the award accordingly. CPLR 4545 (c) provides, in pertinent part: “(c) Actions for personal injury, *308 injury to property or wrongful death. In any action brought to recover damages for personal injury * * * where the plaintiff seeks to recover for the cost of medical care * * * loss of earnings or other economic loss, evidence shall be admissible for consideration by the court to establish that any such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except for life insurance), social security (except those benefits provided under title XVIII of the social security act), workers’ compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff). If the court finds that any such cost or expense was or will, with reasonable certainty, be replaced or indemnified from any collateral source, it shall reduce the amount of the award by such finding”.
The Trial Judge has an obligation to reduce a jury verdict if a plaintiff has received payments from a collateral source, as defined in CPLR 4545. Because evidence of a party’s insurance status is generally inadmissible at trial due to its prejudicial effect on a jury, the statute sets forth a procedure by which evidence may be introduced on collateral sources of payment after a verdict has been reached. The Judge must then reduce the jury verdict by an amount equal to the collateral source, less any premiums necessary to maintain the coverage (see, CPLR 4545 [a], [c]; Berry v St. Peter’s Hosp., 173 Misc 2d 214, 221).
“Although collateral source payments usually will not become relevant, if at all, until after a trial that ends in plaintiff’s favor, pretrial discovery on the issue is appropriate.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4545:3, at 349.) “Permitting delay in obtaining discovery as to collateral source reimbursements can reasonably be expected to impede prospective settlement discussions in personal injury cases. Moreover, delay in discovery will also inevitably lead to delay in whatever proceedings or hearing might be necessary following the verdict in order to permit the court to make its collateral source finding and verdict reduction. This is certainly counterproductive to judicial efficiency and expediency, and can work an unfair delay in the plaintiffs recovery.” (Fleming v Bernauer, 138 Misc 2d 267, 269.)
It is this court’s considered opinion that absent prejudice to defendants postverdict discovery is unavailable and any application for same should be denied.
*309 In the instant action, prior to the filing of a note of issue, plaintiff submitted to an oral deposition and provided authorizations to the no-fault carrier and Workers’ Compensation Board. Therefore, defendants are not entitled to any postverdict discovery concerning earnings, no-fault or workers’ compensation benefits. However, defendants will be prejudiced should they not have any information pertaining to plaintiff’s receiving Social Security disability payments. It is this court’s recollection that plaintiff was found totally disabled and entitled to disability benefits after the filing of the note of issue but prior to the trial of this action. This information was not supplied to defendants’ attorneys, clearly mandating postverdict discovery.
Accordingly, plaintiffs are directed to provide defendants’ attorneys with a copy of the Social Security decision, if any, or a copy of any letter from said agency setting forth the details of the award, within 20 days after date of this order, a copy of which is this date being mailed to the attorneys for the respective parties.
Upon being advised of compliance herewith, a hearing shall be held on a mutually convenient date and time during the period July 9 through July 23, 1998.