■ ° JOSEPH SANFILIPPO, Appellant, v CITY OF NEW YORK, Respondent. [708 NYS2d 17] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered January 22, 1999, after a jury trial, awarding plaintiff $21,152 for past lost earnings, but nothing for past pain and suffering, past medical expenses, future lost earnings, future pain and suffering or future medical expenses, unanimously modified, on the law and the facts, to award plaintiff $55,585.69 for past medical expenses and to remand the matter for a new trial on the issue of damages for plaintiff's past pain and suffering only, and otherwise affirmed, without costs.

Defendant correctly concedes that the failure to award past medical expenses and past pain and suffering is inconsistent with a finding of liability against the defendant and with an award for approximately 9½ months of past lost earnings (*see, Schaefer v RCP Assocs.*, 232 AD2d 286; *see generally, Pares v*

*LaPrade*, 266 AD2d 852; *Kennett v Piotrowski*, 234 AD2d 983). Additionally, the parties had stipulated to the fair and reasonable value of past medical expenses in the amount of $55,585.69 and that stipulation should be enforced (*see, Parsons v City of New York*, 195 AD2d 282). The jury verdict as to past lost earnings and future damages should, however, be affirmed since, in light of the conflicting evidence as to the severity and permanency of plaintiff's injury, including, *inter alia*, the evidence of plaintiff's own expert, whose notes indicated that shortly before trial plaintiff's reflexes were intact, his strength was good and there was no sign of ulnar neuropathy, as well as X-rays that showed no herniation to plaintiff's discs, we cannot say that the jury verdict with regard to those components of plaintiff's damages could not have been reached on any fair interpretation of the evidence (*see, Grassi v Ulrich*, 87 NY2d 954, 956; *Lolik v Big V Supermarkets*, 86 NY2d 744; *Kelley v Balasco*, 226 AD2d 880).

We have considered plaintiff's remaining contentions and find them to be unavailing. Concur—Williams, J. P., Tom, Mazzarelli and Buckley, JJ.