■ DAVID HAYES et al., Appellants, v DOUGLAS BYINGTON et al., Respondents. (Appeal No. 1.) [769 NYS2d 765]—Appeal from an order of Supreme Court, Ontario County (Doran, J.), entered October 7, 2002, which denied plaintiffs' motion to set aside part of a verdict and for a new trial on damages only.

Appeal from a judgment of Supreme Court, Ontario County (Doran, J.), entered November 7, 2002, awarding plaintiffs damages upon a verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is granted, the verdict except insofar as it found that plaintiff Barbara Hayes sustained a serious injury as a result of the accident is set aside, and a new trial is granted on damages only.

Memorandum: Plaintiffs, David Hayes and Barbara Hayes, commenced this action to recover damages for personal injuries sustained by Barbara, and for loss of consortium experienced by David, as a consequence of an automobile accident. The action proceeded to trial on the issues of serious injury, causation and damages. The jury found that Barbara sustained a serious injury under the 90/180 category of Insurance Law § 5102 (d), and awarded her $700 in lost earnings on the basis of her testimony that she missed months of work following the accident. The jury declined to make an award on all other elements of damages sought by plaintiffs, including Barbara's past and future pain and suffering and past medical expenses, which the parties stipulated amounted to $1,410, as well as David's derivative cause of action.

Supreme Court erred in denying plaintiffs' motion to set aside the verdict except insofar as it found that Barbara sustained a serious injury as a result of the accident as inconsistent and against the weight of the evidence and for a new trial on damages only. The verdict is inconsistent insofar as the jury found that Barbara sustained a substantial and disabling bodily injury or impairment and yet failed to award her any damages for even past pain and suffering (see Sanfilippo v City of New York, 272 AD2d 201 [2000], lv dismissed 95 NY2d 887 [2000]; see also Shaw v Jacobs, 279 AD2d 624 [2001]; Pares v LaPrade [appeal No. 2], 266 AD2d 852, 852-853 [1999]; Powell v New York City Tr. Auth., 186 AD2d 728, 729 [1992]). The verdict is further inconsistent insofar as the jury found that Barbara sustained an accident-related serious injury of a "medically determined" nature (Insurance Law § 5102 [d]), but failed to award her past medical expenses in the amount stipulated by the parties (see Sanfilippo, 272 AD2d 201 [2000]). Moreover, the jury's denial of any award to Barbara for past medical expenses is against the weight of the evidence, given the parties' stipulation and the jury's other findings (cf. id.). That part of the verdict could not have been reached on any fair interpretation of the evidence, but rather was "irrational" and "palpably wrong" (Manna v

*Hubbard*, 254 AD2d 693, 693 [1998]). Therefore, we reverse the judgment, grant plaintiffs' motion and set aside the verdict except insofar as it found that Barbara sustained a serious injury as a result of the accident, and we grant plaintiffs a new trial on damages only. Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.