■ CAROLYN THOMAS FRENCH, Appellant, v ALFRED L. SCHIAVO et al., Respondents. [780 NYS2d 131]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 13, 2003, which, insofar as appealed from as limited by the briefs, granted defendants' cross motion to preclude plaintiff from offering any evidence concerning a diagnosis of traumatic epilepsy on retrial, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the cross motion denied and plaintiff granted permission to tender such evidence at trial, provided that defendants be afforded an opportunity to conduct additional discovery, including at least one more physical examination and an examination before trial of plaintiff.

In July 1996, plaintiff pedestrian was struck by a car owned and operated by defendants. A jury trial was conducted in 2001, at which plaintiff asserted orthopedic injuries, as well as traumatic brain injuries that impaired her cognitive functions and caused emotional disturbances. Following the trial, judgment was entered, apportioning 20% fault against plaintiff and awarding her damages for past and future pain and suffering

and medical expenses and future lost earnings. This Court reversed and remanded for a new trial (300 AD2d 119 [2002]), based on the remarks of a juror that warranted a meaningful and probing inquiry by the court, if not the juror's immediate removal from the panel, and because the award of $100,000 for past pain and suffering and $50,000 for future pain and suffering was inadequate and deviated materially from what would be reasonable compensation for plaintiff's injuries.

While that appeal was still pending, in May 2002, plaintiff was examined for the first time by Dr. Daniel Luciano, who, based on symptoms plaintiff had exhibited since the time of the accident, diagnosed her as having post-traumatic occipital lobe epilepsy, a condition her previous physicians had failed to ascertain. After the decision on the prior appeal was issued, plaintiff forwarded Dr. Luciano's medical reports to defendants, in anticipation of the new trial. Plaintiff moved to restore the matter to the trial calendar, and defendants cross-moved to preclude plaintiff from offering any evidence concerning Dr. Luciano's diagnosis of epilepsy, or in the alternative for additional discovery. The IAS court granted the motion to restore, which is not at issue on appeal, and granted the cross motion to preclude Dr. Luciano's testimony on the grounds that plaintiff had not asserted traumatic epilepsy at the original trial and that to allow plaintiff to do so on retrial would be inherently prejudicial to defendants.

To the extent defendants argue that this Court's decision on the prior appeal strictly limited the evidence admissible on retrial to that presented on the first trial, they are mistaken (see Ceravole v Giglio, 186 AD2d 170 [1992]). Rather, the issue is whether plaintiff's proposed amendment to the pleadings to assert a claim of traumatic epilepsy lacks merit or would be prejudicial to defendants (see CPLR 3025 [b]; Barbour v Hospital for Special Surgery, 169 AD2d 385, 386 [1991]). Plaintiff's newly claimed condition was allegedly diagnosed based on symptoms that existed prior to the first trial, plaintiff gave the new information to defendants within a reasonable time, and defendants will have the opportunity for further discovery to prepare for trial and to test why the condition was not diagnosed earlier. Thus, defendants will not be prejudiced (see Cepeda v Hertz Corp., 141 AD2d 394, 395 [1988]; McSweeney v Levin, 32 AD2d 760 [1969], appeal dismissed 25 NY2d 906 [1969]). Finally, the new claim, based on a diagnosis made by a treating physician while the prior appeal was still pending, is not lacking in merit. Concur—Buckley, P.J., Andrias, Saxe, Lerner and Friedman, JJ.