■ CAROLYN THOMAS FRENCH, Appellant, v ALFRED L. SCHIAVO et al., Respondents. [870 NYS2d 339]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered December 28, 2007, in plaintiff's favor, bringing up for review an order, same court and Justice, entered on or about June 29, 2007, which, upon a jury verdict awarding plaintiff, inter alia, $94,000 for past medical expenses, $176,000 for past lost earnings, and $3,100,000 for future lost earnings, denied plaintiff's motion, inter alia, to increase the award for past medical expenses, pursuant to stipulation, to $166,371.63, and granted defendants' motion for a collateral source offset to the extent of reducing the award for past medical expenses from $94,000 to $38,559, reducing the award for past lost earnings from $176,000 to $0, and reducing the award for future lost earnings from $3,100,000 to $1,133,016, unanimously modified, on the law, to vacate the collateral source offset, reinstate the jury awards for past medical expenses and past and future lost earnings, and increase the award for past medical expenses to $166,371.63, and otherwise affirmed, without costs.

The parties' stipulation to the fair and reasonable value of past medical expenses in the amount of $166,371.63 should be enforced (*see Sanfilippo v City of New York*, 272 AD2d 201 [2000], *lv dismissed* 95 NY2d 887 [2000]).

Despite being allowed to conduct additional discovery following the first trial of this action (see 9 AD3d 279 [2004]), defendants failed to conduct discovery on collateral source issues at any time before the jury returned its verdict after the second trial, and they should not have been allowed to conduct posttrial collateral source discovery (see *Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 37-38 [2008], *lv denied* 11 NY3d 705 [2008]). In any event, despite plaintiff's compliance with their discovery demands, defendants failed to carry their burden of demonstrating "with reasonable certainty" that plaintiff's past medical expenses and past and future lost earnings were or would be replaced from collateral sources (CPLR 4545 [c]; *see generally Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81 [1995]).

We have not considered plaintiff's remaining argument, which is not properly before us. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.