■ Carolyn Thomas French, Appellant, v Alfred L. Schiavo et al., Respondents. [880 NYS2d 628]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered December 28, 2007, in plaintiff's favor, bringing up for review an order, same court and Justice, entered on or about June 29, 2007, which, upon a jury verdict awarding plaintiff, inter alia, $94,000 for past medical expenses, $176,000 for past lost earnings, and $3,100,000 for future lost earnings, denied plaintiff's motion, inter alia, to increase the award for past medical expenses, pursuant to stipulation, to $166,371.63, and granted defendants' motion for a collateral source offset to the extent of reducing the award for past medical expenses from $94,000 to $38,559, reducing the award for past lost earnings from $176,000 to $0, and reducing the award for future lost earnings from $3,100,000 to $1,133,016, unanimously modified, on the law, to increase the award for past medical expenses to $166,371.63, and otherwise affirmed, without costs.

The parties' stipulation to the fair and reasonable value of past medical expenses in the amount of $166,371.63 should be enforced (*see Sanfilippo v City of New York*, 272 AD2d 201 [2000], *lv dismissed* 95 NY2d 887 [2000]).

In light of the fact that plaintiff did not become eligible for disability payments from Social Security and Aetna until after the first trial of this action and the limited discovery afforded defendants regarding the subsequent posttraumatic occipital lobe epilepsy diagnosis (9 AD3d 279 [2004]), the trial court providently exercised its discretion in granting defendants postverdict discovery and a collateral source hearing pursuant to CPLR 4545 (c) (*see Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 37-38 [2008], *lv denied* 11 NY3d 705 [2008]; *Hoffmann v S.J. Hawk, Inc.*, 273 AD2d 200 [2000], *affg* 177 Misc 2d 305 [1998]). Contrary to plaintiff's evidentiary objections and the conflicting testimony of the parties' expert as to the possibility that plaintiff's present disability benefits might be reduced or discontinued, the transcript of the postverdict hearing reflects that defendants carried their burden of demonstrating "with reasonable certainty" that plaintiff's past medical expenses and past and future lost earnings were or would be replaced from collateral sources (CPLR 4545 [c]; *see generally Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81 [1995]).

We have not considered plaintiff's remaining argument regarding the accrual of interest on the judgment, which is not properly before us. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on January 13, 2009 (58 AD3d 475

[2009]) recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied.