# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**96**
**CA 08-01720**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND GREEN, JJ.

---

LAURA L. CAMPOPIANO AND THOMAS CAMPOPIANO,
INDIVIDUALLY AND AS HUSBAND AND WIFE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

                    V                              MEMORANDUM AND ORDER

PAUL J. VOLCKO, DEFENDANT-APPELLANT-RESPONDENT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

CELLINO & BARNES, P.C., ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from a judgment of the Supreme Court,
Monroe County (William P. Polito, J.), entered July 11, 2008.  The
appeal was held by this Court by order entered April 24, 2009,
decision was reserved and the matter was remitted to Supreme Court,
Monroe County, for further proceedings (61 AD3d 1343).  The
proceedings were held and completed (Matthew A. Rosenbaum, J.).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying plaintiffs' post-trial
motion except insofar as it sought to set aside the verdict with
respect to damages for past pain and suffering and sought a new trial
on those damages and vacating the award of damages for past pain and
suffering and as modified the judgment is affirmed without costs, and
a new trial is granted on damages for past pain and suffering only
unless defendant, within 30 days of service of a copy of the order of
this Court with notice of entry, stipulates to increase the award of
damages for past pain and suffering to $100,000, in which event the
judgment is modified accordingly and as modified the judgment is
affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Laura L. Campopiano (plaintiff) when the vehicle
she was driving collided with a vehicle driven by defendant.
Defendant conceded that the accident resulted from his negligence, and
a jury trial was held on the issues of serious injury and damages.
The jury found that plaintiff sustained a serious injury only under
the 90/180-day category rather than under all three categories alleged
by plaintiffs, and it awarded damages only for past loss of earnings
in the amount of $4,500.  Plaintiffs moved to set aside the verdict
based on, inter alia, juror misconduct.  Supreme Court (Polito, J.)

granted defendant's cross motion for recusal of the court with respect to that part of plaintiffs' post-trial motion, which subsequently was denied by Supreme Court (Rosenbaum, J.). Following a retrial, the jury found that plaintiff sustained a serious injury under one of the two remaining categories and awarded total damages in the amount of $545,000. On a prior appeal, we concluded that the court erred in denying that part of plaintiffs' post-trial motion with respect to juror misconduct without conducting a hearing, and we therefore held the case, reserved decision and remitted the matter to Supreme Court (Rosenbaum, J.) for a hearing on the issue whether a juror improperly undertook the role of an expert juror during deliberations in the first trial (*Campopiano v Volcko* [appeal No. 2], 61 AD3d 1343, 1344-1345).

The evidence presented at the hearing upon remittal supports the conclusion of the court (Rosenbaum, J.) that the juror in question did not improperly undertake the role of an expert juror during deliberations, and thus we agree with the court that plaintiffs' motion to set aside the verdict insofar as it is based on juror misconduct should be denied (*see 23 Jones St. Assoc. v Beretta*, 280 AD2d 372; *cf. People v Maragh*, 94 NY2d 569, 574). The court (Polito, J.), however, erred in granting that part of plaintiffs' post-trial motion to set aside the verdict as against the weight of the evidence and for a new trial with respect to the jury's failure to determine that plaintiff sustained a serious injury under the remaining two categories alleged, i.e., permanent consequential limitation of use and significant limitation of use. We therefore modify the judgment accordingly. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746). The parties presented conflicting expert testimony with respect to those categories at the first trial, and the jury was free to reject the testimony of plaintiffs' expert witnesses (*see Cummings v Jiayan Gu*, 42 AD3d 920, 922-923; *Ruddock v Happell*, 307 AD2d 719, 721).

We further conclude that the court erred in granting those parts of plaintiffs' post-trial motion to set aside the verdict with respect to the award of damages for past lost wages and the failure to award future damages or damages on the derivative cause of action. We therefore further modify the judgment accordingly. A fair interpretation of the evidence supports the award for plaintiff's past lost wages (*see Sanfilippo v City of New York*, 272 AD2d 201, *lv dismissed* 95 NY2d 887; *see generally Lolik*, 86 NY2d at 746; *Inzinna v Brinker Rest. Corp.* [appeal No. 2], 302 AD2d 967, 968), as well as the failure to award any future damages (*see Sanfilippo*, 272 AD2d 201; *see also Roskwitalski v Fitzgerald*, 13 AD3d 1133, 1134; *McEwen v Akron Fire Co.*, 251 AD2d 1044). Further, a fair interpretation of the evidence supports the failure to award damages on the derivative cause of action (*see Yondt v Boulevard Mall Co.*, 306 AD2d 884).

The court properly granted that part of plaintiffs' motion

seeking to set aside the verdict with respect to the failure to award damages for past pain and suffering.  "The verdict is inconsistent insofar as the jury found that [plaintiff] sustained a substantial and disabling bodily injury or impairment and yet failed to award her any damages for . . . past pain and suffering" (*Hayes v Byington* [appeal No. 2], 2 AD3d 1468, 1469; *see Sanfilippo*, 272 AD2d 201).  We therefore agree with the court that the failure to award any damages for past pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Wojcik v Kent*, 21 AD3d 1410, 1412).  Nevertheless, we conclude that the award for past pain and suffering of $100,000 following the retrial must be vacated inasmuch as the court erred in granting the remainder of plaintiff's post-trial motion, although we agree that such an award would be reasonable compensation.  We therefore further modify the judgment accordingly, and we grant a new trial on damages for past pain and suffering only unless defendant, within 30 days of service of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $100,000, in which event the judgment is further modified accordingly.

We have considered defendant's remaining contentions and conclude that none warrants further modification of the judgment.

Entered:  March 25, 2011                         Patricia L. Morgan
                                                 Clerk of the Court