# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

263

CA 13-01640

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

ELLA MAE ALLEN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JERRY P. LOWCZUS, DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (ANGELO GAMBINO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered January 7, 2013 in a personal injury action.
The order granted plaintiff's motion to set aside the verdict and
granted a new trial on the issues of liability and damages.

        It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

        Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained in a motor vehicle accident.
Following a trial, the jury found that plaintiff sustained a fracture
as a result of the accident, that defendant was negligent, and that
defendant's negligence was a substantial factor in causing plaintiff's
injuries.  The jury further found that plaintiff was also negligent,
but that her negligence was not a substantial factor in causing her
injuries.  Nonetheless, the jury apportioned 30% of the fault to
plaintiff and 70% of the fault to defendant.  The jury then awarded
plaintiff the sum of $6,000 for past pain and suffering, but did not
award her any damages for future pain and suffering.  Neither party
objected to the verdict before the jury was discharged.

        Plaintiff thereafter moved to increase the damages award or, in
the alternative, to set aside the verdict as inconsistent pursuant to
CPLR 4404 (a).  Defendant opposed plaintiff's request for an additur,
but did not address the alleged inconsistency of the verdict.  Supreme
Court determined that the jury's apportionment of fault was
inconsistent with the jury's factual finding that plaintiff's
negligence was not a substantial cause of her injuries.  The court
therefore granted plaintiff's motion to set aside the verdict and
granted a new trial on the issues of liability and damages.  We
affirm.

Contrary to the contention of defendant, we conclude that the verdict was internally inconsistent inasmuch as the jury found that plaintiff's negligence was not a substantial factor in causing her injuries, but also attributed 30% of the fault to plaintiff (*see e.g. Kelly v Greitzer*, 83 AD3d 901, 902; *Palmer v Waters*, 29 AD3d 552, 553; *Mateo v 83 Post Ave. Assocs.*, 12 AD3d 205, 206; *see generally Kim v Cippola*, 231 AD2d 886, 886).  Such an internal inconsistency in a verdict can be remedied "only . . . upon further consideration by the jury . . . or by a new trial" (*Vera v Bielomatik Corp.*, 199 AD2d 132, 133).  Here, of course, the jury had been discharged by the time of plaintiff's motion, and thus it was too late to require the jury to reconsider its answers to the interrogatories on the verdict sheet.

Although plaintiff failed to object to the inconsistency in the verdict before the jury was discharged (*see Schley v Steffans*, 79 AD3d 1753, 1753; *Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734), we conclude that, under the circumstances of this case, the court did not abuse its discretion in setting aside the verdict and ordering a new trial (*see generally Kim*, 231 AD2d at 886-887).  Given the jury's inconsistent findings on proximate cause and the apportionment of fault, it is not clear, without resorting to speculation, whether the jury intended to award plaintiff the sum of $6,000 or $4,200, i.e., 70% of $6,000.

Finally, we reject defendant's alternative contention that the damages award should be reinstated and a new trial ordered on the issue of negligence only.  The evidence of preexisting injuries to plaintiff's neck and back is relevant both to liability, i.e., proximate cause, and to the damages that plaintiff sustained as a result of defendant's negligence, and therefore a new trial is required on liability and damages (*see generally Oakes v Patel*, 20 NY3d 633, 647; PJI 2:70).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court