# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

628

CA 14-01828

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JAMES P. RENDER,
PLAINTIFF-RESPONDENT-APPELLANT,

              V                         MEMORANDUM AND ORDER

FRANK J. GIZZO, JR.,
DEFENDANT-APPELLANT-RESPONDENT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (DANIEL J. GUARASCI OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

GELBER & O'CONNELL, LLC, AMHERST (KRISTOPHER A. SCHWARZMUELLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 26, 2014. The order denied those parts of the motion of plaintiff seeking an additur, judgment notwithstanding the verdict and to set aside the verdict as against the weight of the evidence, granted that part of the motion seeking to set aside the verdict as inconsistent and ordered a new trial on proximate cause, serious injury and damages.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained in a motor vehicle accident, and the matter proceeded to trial. The jury returned a verdict in plaintiff's favor, finding that plaintiff sustained a serious injury under the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d). The jury awarded plaintiff damages for past pain and suffering and future medical expenses but declined to award damages for future pain and suffering. After the jury rendered its verdict, Supreme Court directed the parties to submit any motions later, and discharged the jury. Supreme Court granted plaintiff's posttrial motion to set aside the verdict insofar as plaintiff contended that the verdict was inconsistent, and ordered a new trial on the issues of proximate cause, serious injury, and damages. Defendant appeals from that part of the order, and plaintiff cross-appeals to the extent that the order denied those parts of the motion seeking an additur, an order granting judgment notwithstanding the verdict, and an order setting aside the verdict as against the weight of the evidence. We affirm.

Contrary to defendant's contention on appeal, the court properly granted that part of the motion seeking to set aside the verdict as inconsistent.  We note that, inasmuch as the court's postverdict direction to the parties prevented plaintiff from making a motion before the court discharged the jury, the court properly determined that " 'the disbanding of the jury without . . . objection . . . obliterate[s] neither [the] right to seek a new trial[ ] nor the court's capacity to grant it[ ] where[, as here,] the interest of justice manifestly requires it' " (*Applebee v County of Cayuga* [appeal No. 1], 103 AD3d 1267, 1269; *see Califano v Automotive Rentals*, 293 AD2d 436, 437; *Kim v Cippola*, 231 AD2d 886, 886-887; *see also Dessasore v New York City Hous. Auth.*, 70 AD3d 440, 441).  Contrary to defendant's further contention, the court properly concluded that the verdict was irreconcilable (*see generally Allen v Lowczus*, 118 AD3d 1258, 1258-1259; *Applebee*, 103 AD3d at 1268; *Campopiano v Volcko*, 82 AD3d 1587, 1589).

Plaintiff contends on cross appeal that the court erred in denying the motion insofar as it sought an additur, an order granting judgment notwithstanding the verdict, and an order setting aside the verdict as against the weight of the evidence.  "We are unable to review [those] contention[s], however, because plaintiff[] failed to submit a [complete] transcript" of the trial testimony (*Yoonessi v Givens*, 78 AD3d 1622, 1623, *lv denied* 17 NY3d 718; *see generally Lewis v Lewis*, 194 AD2d 648, 650; *Usyk v Track Side Blazers*, 182 AD2d 1125, 1125-1126).  Furthermore, plaintiff's "references to a supplemental record are improper, no motion for enlargement of the record having been made" (*Mane v Brusco*, 280 AD2d 436, 437; *see Smith v Woods Constr. Co.*, 309 AD2d 1155, 1157).

Finally, we note that plaintiff's further contention on his cross appeal regarding the court's denial of his motion for a directed verdict is not before us because the order on appeal does not resolve any such motion.  Furthermore, it appears that no order was entered on such a motion but, rather, plaintiff's motion was apparently denied in a bench decision during the trial, and it is well settled that "[n]o appeal lies from a mere decision" (*Kuhn v Kuhn*, 129 AD2d 967, 967; *see Gay v Gay* [appeal No. 1], 118 AD3d 1331, 1332).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court