■ SALLY C. PROVENZANO, Respondent, v MARY PETERS et al., Appellants. [661 NYS2d 41] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Price, J.), dated July 3, 1996, which granted the plaintiff's motion to set aside the jury verdict finding both the defendant Chris Peters and the plaintiff 50% at fault in the happening of the accident, and for a new trial.

Ordered that the order is affirmed, with costs.

The power of the trial court to set aside a jury verdict pursuant to CPLR 4404 (a) is a broad one intended to ensure that justice is done *(see, DeGiglio v Williams,* 166 AD2d 499). Under this section, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors *(see, Cortes v Edoo,* 228 AD2d 463; *Trotter v Johnson,* 210 AD2d 946; *DeGiglio v Williams, supra; Pache v Boehm,* 60 AD2d 867; *R & R Wrecking Co. v City of New York,* 53 AD2d 859). Upon appellate review, a trial court's exercise of discretion must be accorded great respect *(see, Nicastro v Park,* 113 AD2d 129).

Here, the handwritten gratuitous comment from the jury at

the end of the verdict sheet was inconsistent with its answers to the interrogatories posed by the court and thus demonstrated that there was substantial confusion among the jurors as to the burden and quantum of proof applied during deliberations. Accordingly, under the circumstances of this case, we conclude that the trial court did not improvidently exercise its discretion in setting aside the verdict and ordering a new trial.

The appellants' remaining contentions are without merit. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.