■ RAMON LOPEZ, Respondent, v SPIROS MARKOS, Defendant and Third-Party Plaintiff-Respondent. J.C.H. DELTA CONTRACT-ING, INC., Third-Party Defendant-Appellant. [665 NYS2d 646] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered June 6, 1996, to the extent that it granted defendant and third-party plaintiff indemnification against third-party defendant, unanimously modified, on the law, and defendant's motion for summary judgment on the third-party complaint is granted only on condition that plaintiff prevails on the underlying issue of liability, and otherwise affirmed, without costs.

The complaint alleged injury to third-party defendant's employee, by reason of negligence, during renovation of defendant's property. Upon defendant's motion for summary judgment, the IAS Court found additional claims in the bill of particulars, based upon Labor Law §§ 240 and 241 (6). The section 241 (6) claim was dismissed for failure to specify any rules violated, as was the claim for negligence for failure to state a

cause of action. In the absence of an appeal by plaintiff, all that remains is the strict liability claim under section 240, which IAS inferred from the bill of particulars.

Questions of fact abound concerning how, when and where plaintiff's injury occurred. Normally, this sole, surviving cause of action should not give rise to a claim for indemnity until the prime obligation has been established (*Martinez v Fiore*, 90 AD2d 483). But here that cause is based on strict, statutory liability and the only questions of fact have nothing to do with defendant's involvement. Under these circumstances, defendant is entitled to conditional judgment on the issue of indemnification should plaintiff prevail (*Rice v PCM Dev. Agency Co.*, 230 AD2d 898). Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.