■ FRANK DePASQUALE, Respondent, v MORBARK INDUSTRIES, INC., Appellant. [678 NYS2d 777] —In an action, *inter alia,* to recover damages for products liability, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 3, 1997, as denied its motion pursuant to CPLR 4401 for judgment as a matter of law, declared a mistrial, and directed a new trial on all issues.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The trial court did not improvidently exercise its discretion in directing a new trial. The jury's special verdict on liability was internally inconsistent (*see,* CPLR 4111 [c]). The jury found that three alleged design defects in the defendant's wood chipper had not constituted "a substantial factor in causing plaintiff's accident", yet it concluded that the defendant had been 20% at fault in the happening of the accident. In addition, notes from the jury during its deliberations evidenced persistent confusion on the issue of "causation". Under these circumstances, a new trial was the appropriate remedy (*see, e.g., Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40;

*Cortes v Edoo,* 228 AD2d 463, 465; *Sluzar v Nationwide Mut. Ins. Co.,* 223 AD2d 785, 786; *Trotter v Johnson,* 210 AD2d 946, 947; *Vera v Bielomatik Corp.,* 199 AD2d 132; *McStocker v Kolment,* 160 AD2d 980, 981; *Leal v Simon,* 147 AD2d 198, 205-206). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.