■ LOUIS DININO et al., Respondents, v D.A.T. CONSTRUCTION CORP., Defendant, and LARRY A. SILVERSTEIN et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents. AMBASSADOR CONSTRUCTION Co., Third-Party Defendant-Respondent-Appellant. LARRY A. SILVERSTEIN et al., Second Third-Party Plaintiffs-Appellants-Respondents, v IRVESS CONSTRUCTION CORP., Second Third-Party Defendant-Respondent-Appellant. [700 NYS2d 24] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 14, 1999, which granted plaintiffs' post-trial motion to the extent of setting aside a jury verdict in defendants' favor and directing a new trial, and denied defendants' cross motion for a directed verdict upon their claims for contractual and common-law indemnification against defendants in the third-party actions, Ambassador Construction Co. and Irvess Construction Corp., unanimously modified, on the law, to grant defendants' cross motion to the extent of directing a conditional judgment in their favor upon their claims against Ambassador for contractual indemnification, and otherwise affirmed, without costs.

The trial court's determination to set aside the verdict pursuant to CPLR 4404 (a) was appropriate in view of the court's finding that the jury had been "thoroughly confused by the multiplicity of parties and the conflicting burdens of proof associated with a vicarious strict liability statute, Labor Law § 240, and a common law codification of negligence, Labor Law § 200" (*see, Sreedharan v Bronx Westchester Radiology,* 252 AD2d 354; *Provenzano v Peters,* 242 AD2d 266; *Nicastro v Park,* 113 AD2d 129). The court's determination is supported by a jury note that indicated the jury found no liability as to the primary defendant, whose sole liability was vicarious, but believed that one or more of the third-party defendants was liable.

Defendants are entitled to a conditional judgment on their claim for contractual indemnification against defendant Ambassador in the third-party action since there was no evidence of negligence on the part of the direct defendants (*see, Buccini v 1568 Broadway Assocs.,* 250 AD2d 466, 468; *Aragon v 233 W. 21st St.,* 201 AD2d 353, 354; *Lopez v Markos,* 245 AD2d 54). A directed verdict on the issue of common-law indemnification is inappropriate, however, since more than one party may be responsible for plaintiff's injury (*Freeman v National Audubon Socy.,* 243 AD2d 608, 609). Concur— Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.