■ ANDREA ROBERTS et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [717 NYS2d 276] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered August 13, 1999, which denied their motion to set aside a jury verdict and for a new trial on the issue of liability, and (2) an interlocutory judgment of the same court, entered October 5, 1999, which, upon a jury verdict on the issue of liability finding the injured plaintiff 90% at fault in the happening of the accident, the defendant County of Westchester 10% at fault, and the defendant West Fair Electric Corp. 0% at fault, apportioned fault among the parties.

Ordered that the order is reversed, on the law, the plaintiffs' motion to set aside the verdict is granted, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability; and it is further,

Ordered that the interlocutory judgment is vacated in light of the determination of the appeal from the order; and it is further,

Ordered that the appellants are awarded one bill of costs.

The jury initially determined that both the injured plaintiff and the County of Westchester were negligent, but that neither party's negligence was a substantial factor in causing the accident. Nevertheless, the jury determined that the injured plaintiff was 55% at fault and the County 45% at fault. When the Supreme Court and the respective attorneys noticed the inconsistency in the verdict, the Supreme Court stated to the jury that for a party to be at fault, its negligence must be a substantial factor in causing the accident. The Supreme Court denied the plaintiffs' request to reinstruct the jury. Instead, the court tried to elicit from the jury their true intentions and,

within that exchange, the foreperson stated that she did not believe that the County's negligence was a substantial cause of the accident. The jury was then asked to reconsider the verdict, and it found that the injured plaintiff was 90% at fault and the County 10% at fault. This determination was made without the jury stating that the injured plaintiff's negligence or the County's negligence was a substantial cause of the accident.

Pursuant to CPLR 4404 (a), a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors (*see, Provenzano v Peters,* 242 AD2d 266). Such confusion is shown when the answers to the interrogatories on the verdict sheet are internally inconsistent (*see, DePasquale v Morbark Indus.,* 254 AD2d 450; *Cortes v Edoo,* 228 AD2d 463; *Trotter v Johnson,* 210 AD2d 946). In such circumstances, the court may have the jury reconsider the verdict, but before such reconsideration, the court should instruct the jury to help resolve any confusion (*see, Cortes v Edoo, supra*).

Here, the court asked the jury to reconsider its internally inconsistent verdict without reinstructing it. As a result, the verdict after reconsideration remained internally inconsistent, and was inconsistent with the foreperson's comment to the court. In addition, it is clear that the jury was confused as to the meaning of the phrase "substantial factor" (*see, DePasquale v Morbark Indus., supra; Provenzano v Peters, supra; Cortes v Edoo, supra; Trotter v Johnson, supra*). Thus, the verdict must be set aside and a new trial granted on the issue of liability, which must include all of the parties involved in the action.

We note that the court providently exercised its discretion in permitting the jury to visit the accident site (*see, Schechtman v Lappin,* 161 AD2d 118; *Tubular Prods. v Jacobson,* 138 AD2d 371).

In light of our determination, it is unnecessary to address the plaintiffs' remaining contention. Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur. [As amended by unpublished order entered Jan. 3, 2001.]