■ WILLIAM BATAL, Appellant, v ASSOCIATED UNIVERSITIES, INC., et al., Respondents. [795 NYS2d 268]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered August 13, 2003, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as inconsistent and as against the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, that branch of the motion which was to set aside the jury verdict as inconsistent is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issues of the plaintiff's comparative negligence and apportionment of fault, and on the issue of damages, with costs to abide the event.

The plaintiff was injured when the motorcycle he was operating collided with a pickup truck operated by the defendant Joseph Collins at the intersection of Bailey Road and Currans Road in Middle Island. At a prior trial on the issue of liability only, it was established that Collins, whose travel was governed by a stop sign, entered the intersection in question without yielding the right-of-way to the plaintiff, who was traveling on a through road. On appeal from a judgment based upon a jury verdict finding Collins not negligent, we reversed on the ground that the verdict was against the weight of the evidence. Specifically, we found, inter alia, that Collins violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by proceeding into the intersection without yielding the right-of-way to the plaintiff and that such violations constituted negligence as a matter of law which could not be disregarded by the jury, and granted a new trial (*see Batal v Associated Univs.*, 293 AD2d 558 [2002]). We declined to grant the plaintiff judgment as a matter of law as there was an issue of fact as to whether he was also at fault in causing the accident.

Upon a retrial of the action, the Supreme Court ruled, in limine, that it was limiting the issues to be tried to the plaintiff's comparative negligence in light of this Court's decision on the prior appeal. Moreover, at the close of the evidence, the Supreme Court granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of the defendants' liability. The jury was instructed that, as a matter of law, Collins was negligent and that his negligence was a proximate cause of

the accident, and that the only issue for them to determine was the plaintiff's comparative negligence. However, the Supreme Court failed to instruct the jury that, in apportioning fault, it had to assign a value greater than 0% to Collins. The jury returned a special verdict finding that the plaintiff was also negligent and that his negligence was a substantial factor in causing the accident, but apportioned 100% of the fault to the plaintiff and 0% to Collins. The Supreme Court denied the plaintiff's motion to set aside the jury verdict as inconsistent and against the weight of the evidence. We reverse.

Pursuant to CPLR 4404 (a), a trial court has the discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors and grant a new trial (*see Borovskaya v Herskovic*, 300 AD2d 331 [2002]; *Roberts v County of Westchester*, 278 AD2d 216, 217 [2000]; *Provenzano v Peters*, 242 AD2d 266 [1997]). Such confusion is shown when the answers to the interrogatories on the verdict sheet are internally inconsistent (*see Roberts v County of Westchester, supra; DePasquale v Morbark Indus.*, 254 AD2d 450 [1998]; *Cortes v Edoo*, 228 AD2d 463 [1996]).

Here, the trial court granted the plaintiff judgment as a matter of law on the issue of the defendants' liability (*see* CPLR 4401), and the jury was so instructed. Nevertheless, the jury returned a verdict apportioning 0% of the fault to Collins. Because this internal inconsistency in the verdict demonstrated substantial juror confusion, the branch of the plaintiff's motion which was to set aside the verdict as inconsistent should have been granted. Thus, we remit the matter for a new trial on the issues of the plaintiff's comparative negligence and apportionment of fault, and on the issue of damages (*see Trotter v Johnson*, 210 AD2d 946 [1994]).

The plaintiff's contention that the trial court erred in submitting to the jury the law as set forth in Vehicle and Traffic Law § 1120 (a) and § 1180 (e) is unpreserved for appellate review (*see* CPLR 4017, 4110-b, 5501 [a] [3]; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]) and, in any event, is without merit.

In light of our determination, it is unnecessary to address the plaintiff's contention that the verdict was against the weight of the evidence. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.