■ ANNMARIE SABARESE et al., Appellants, v BOARD OF EDUCATION OF THE TUXEDO UNION FREE SCHOOL DISTRICT, Respondent. [55 NYS3d 432]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated May 22, 2015, as, upon a jury verdict in favor of them and against the defendant on the issue of liability, granted the defendant's application for a mistrial and directed a new trial on the issues of liability and damages.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the application for a mistrial is denied, the jury verdict in favor of the plaintiffs on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Orange County, for a trial on the issue of damages.

The plaintiff Annmarie Sabarese (hereinafter *the injured* plaintiff) allegedly was injured when she was struck by a volleyball net pole at a school located within the Tuxedo Union

Free School District. At the conclusion of the trial on the issue of liability, the jury returned an initial verdict finding that the defendant was negligent, that its negligence was a substantial factor in causing the accident, and that while the injured plaintiff was also negligent, her negligence was not a substantial factor in causing the accident. The jury apportioned fault 75% to the defendant and 25% to the injured plaintiff. The Supreme Court advised the jury that its verdict was internally inconsistent, reinstructed the jury on the issue of comparative fault, and directed the jury to reconsider its answers to the interrogatories on the verdict sheet. A short time later, the jury returned a second verdict, which was identical to the first verdict, except that the question as to apportionment of fault was left blank pursuant to the instructions to do so if the jury found, as it did, that the defendant's negligence was a substantial factor in causing the accident and that the injured plaintiff's negligence was not a substantial factor in causing the accident, thereby effectively attributing 100% fault to the defendant. After the defendant, inter alia, made an application for a mistrial on juror confusion grounds, the court declared a mistrial pursuant to CPLR 4111 (c). The plaintiffs appeal.

When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial (*see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Cortes v Edoo*, 228 AD2d 463 [1996]; *Leal v Simon*, 147 AD2d 198, 205 [1989]). "Even after reconsideration by the jury, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (*Palmer v Walters*, 29 AD3d 552, 553 [2006] [internal quotation marks omitted]).

In this case, the jury's initial verdict was internally inconsistent in that it attributed 25% of the fault for the happening of the accident to the injured plaintiff despite having found that her negligence was not a substantial factor in causing the accident (*see id.* at 553; *DePasquale v Morbark Indus.*, 254 AD2d 450 [1998]; *Trotter v Johnson*, 210 AD2d 946 [1994]). The record indicates that the jury may have been confused regarding the issue of comparative fault when it reached its first verdict, and thus a mistrial may have been appropriate at that juncture (*see Palmer v Walters*, 29 AD3d at 552; *DePasquale v Morbark Indus.*, 254 AD2d at 450). The Supreme Court, however, opted to reinstruct the jury on the issue of comparative fault and direct the jury to reconsider its verdict. The jury's second verdict was internally consistent (*see Palmer v Walters*, 29 AD3d at 552; *Meade v Hisler*, 306 AD2d 387 [2003]; *cf.*

*Borovskaya v Herskovic,* 300 AD2d 331, 332 [2002]) and, under the circumstances of this case, there is no reason to believe that the jury remained confused, or to doubt that its actual determination was that the defendant's negligence was a substantial factor in causing the accident, while the injured plaintiff's was not (*see Palmer v Walters,* 29 AD3d at 552; *cf. Cortes v Edoo,* 228 AD2d at 463). To the contrary, it appears that the jury exercised its right to substantively alter its original verdict so as to conform to its real intention (*see Palmer v Walters,* 29 AD3d at 552; *Ryan v Orange County Fair Speedway,* 227 AD2d 609, 611 [1996]). Thus, the court improvidently exercised its discretion in declaring a mistrial, and instead should have accepted the jury's second verdict. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.