Sachaleli v Zdrazil (2020 NY Slip Op 02489)





Sachaleli v Zdrazil


2020 NY Slip Op 02489


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2016-04632
 (Index No. 12866/12)

[*1]Salome Sachaleli, etc., appellant,
v
Marian Zdrazil, et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz and Frank J. Lombardo of counsel), for appellant.
Picciano & Scahill, P.C., Westbury, NY (Frances J. Scahill, Andrea E. Ferrucci, and Gerard Ferrara of counsel), for respondent Marian Zdrazil.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated November 16, 2015. The judgment, upon a jury verdict on the issue of liability, is in favor of the plaintiff and against only the defendant Lincoln Ryner on the issue of liability.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of the apportionment of fault between the defendants, and thereafter for a trial on the issue of damages.
The plaintiff commenced this action against the defendants to recover damages for personal injuries arising out of a three-vehicle collision on the Long Island Expressway in 2011. According to the plaintiff, on the date of the accident, he was driving on the Long Island Expressway and the defendant Lincoln Ryner was driving in a vehicle directly behind him, and the defendant Marian Zdrazil was driving the vehicle behind Ryner's vehicle. There were at least two rear-end collisions among these three vehicles. In an order dated March 5, 2014 (hereinafter the March 2014 order), the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability against each of the defendants. The case then proceeded to a jury trial.
At trial, the plaintiff contended that the March 2014 order awarded him summary judgment on the issue of liability and that the only issue for the jury was the apportionment of fault between the two defendants. Notwithstanding the plaintiff's contentions, the verdict sheet included a question as to whether each defendant's negligence was a substantial factor in causing the collision and an instruction that, upon an answer of "yes" as to both defendants, the jury was to apportion fault between the two defendants. The plaintiff objected to the jury charge and the verdict sheet insofar as they directed the jury to determine proximate cause rather than directing the jury to only apportion fault between the defendants.
Thereafter, the jury found that Ryner's negligence was a substantial factor in causing [*2]the collision, but that Zdrazil's negligence was not. As such, the jury did not apportion fault between the defendants. The judgment, upon the jury verdict on the issue of liability, in effect, was (1) in favor of the plaintiff and against Ryner, and (2) against the plaintiff and in favor of Zdrazil. The plaintiff appeals.
The March 2014 order awarded the plaintiff summary judgment on the issue of liability against each of the defendants. Thus, the issues of whether the defendants were negligent and whether their negligence proximately caused the collision had already been decided as a matter of law before the jury trial began, and neither of these issues should have been relitigated at trial (see Collins v Bertram Yacht Corp., 42 NY2d 1033, 1034; Engel v Aponte, 51 AD2d 989, 990). The only issue that was properly before the jury was the apportionment of fault between the two defendants, and the Supreme Court should not have directed the jury, either in the jury charge or in the verdict sheet, to determine whether the defendants' negligence proximately caused the collision (see Batal v Associated Univs., Inc., 18 AD3d 484, 485-486). The court should have directed the jury only to apportion fault as between the two defendants.
Accordingly, we remit this matter to the Supreme Court, Kings County, for a new trial on the issue of the apportionment of fault between the defendants, and thereafter for a trial on the issue of damages (see id. at 485-486). At the trial on the apportionment of fault, the court should instruct the jury that it must find each of the defendants at least 1% at fault and that the percentages of fault assigned to the defendants must total 100% (see id. at 486).
Zdrazil's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court