■ RICHARD VATHY et al., Appellants, v. RUPP RENTAL CORPORATION, Respondent. RUPP RENTAL CORPORATION, Third-Party Plaintiff-Appellant, v. LAKE STEEL ERECTION, INC., Third-Party Defendant-Respondent.— Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: Plaintiffs brought this action against Rupp Rental Corporation, the lessor of a crane and crew, for injuries sustained as a result of the allegedly negligent operation of the crane. Rupp Rental impleaded Lake Steel Erection Incorporated, the lessee of the crane and the employer of plaintiff husband. The primary defense of both defendant and the third-party defendant was that the crane operator, although a general employee of Rupp Rental, was a special employee of Lake Steel, and thus plaintiffs were barred by section 11 and subdivision 6 of section 29 of the Workmen's Compensation Law from recovery in this action. The evidence offered bearing on the issue of special employment was properly submitted to the jury to determine as to whether the crane operator was a special employee of Lake Steel (*Stone* v. *Bigley Bros.*, 309 N. Y. 132; *Burton* v. *American Bridge Co.*, 297 N. Y. 993; *Kristiansen* v. *Wagner's Steel Erectors*, 295 N. Y. 668). Upon the proof a question also was presented concerning whether negligence of Lake Steel's foreman was a cause of the accident. The jury returned a verdict in favor of plaintiffs against defendant Rupp Rental. The jury also answered interrogatories in a manner inconsistent with the verdict and inconsistent within the answers themselves. The Trial Judge, requested by the parties to reconcile the perceived inconsistencies between the general verdict and the answers to the interrogatories, set aside the jury verdict and dismissed plaintiffs' complaint and the thirty-party complaint of Rupp Rental. Plaintiffs appeal from that portion of the judgment which set aside the jury verdict and dismissed the complaint. Defendant Rupp Rental appeals from the dismissal of the third-party complaint. We agree with the contention urged by plaintiffs that the charge to the jury concerning the issue of special employment was inadequate. Plaintiffs submitted a request to charge based on the model charge on special employment appearing in PJI 2:238; however, the court refused that request and gave a charge which was deficient, to which plaintiffs took an exception. Plaintiffs were entitled to a comprehensive charge similar to that set forth in the refer-

ence cited, which would have reflected the presumption of continuing control (*Irwin* v. *Klein,* 271 N. Y. 477; *Bartolomeo* v. *Bennett Contr. Co.,* 245 N. Y. 66) and directed attention to proof bearing upon surrender of command (*Charles* v. *Barrett,* 233 N. Y. 127), power to command the employee as to the details as well as to the ultimate result of his work, payment of wages and workmen's compensation premiums, right to hire and discharge (*Wawrzonek* v. *Central Hudson Gas and Elec. Corp.,* 276 N. Y. 412), right to determine work hours, sharing the expenses of operation of the equipment and the nature of the parties' businesses (*Ramsey* v. *New York Central R. R. Co.,* 269 N. Y. 219). It is clear from the record that the jury was confused by the instructions under which the case was submitted to it. Having returned to the courtroom for clarification of some of the interrogatories, the jury attempted to report in favor of plaintiffs against third-party defendant Lake Steel. After being sent back to the jury room, the jury deliberated a short time, then reported its verdict against Rupp Rental and returned answers to the interrogatories which were inconsistent both with that verdict and within themselves. Questioned by the court, the jury foreman stated that the jury was confused in attempting to reconcile the responses to the interrogatories with its verdict for plaintiffs against Rupp Rental. The trial court, having been asked to reconcile the answers and the verdict, was bound to comply with the provisions of CPLR 4111 (subd. [c]) which afforded two alternatives: "the court shall require the jury to further consider its answers and verdict or it shall order a new trial". However, the court took neither of these actions but instead itself attempted to adjust the outcome of the litigation. Reversal of the judgment dismissing plaintiffs' complaint requires reinstatement of the third-party complaint seeking both common-law and contractual indemnity (*Margolin* v. *New York Life Ins. Co.,* 32 N Y 2d 149; *Dole* v. *Dow Chem. Co.,* 30 N Y 2d 143; *Murray* v. *Rupp Rental Corp.,* 39 A D 2d 637). (Appeals from judgment of Erie Trial Term in negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.