■ BARBARA ROOT, Respondent, v ERWIN FELDMAN et al., Appellants.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered September 26, 1991 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff alleged she was a patron in a restaurant-bar called Daddy O's on Washington Avenue in the City of Albany on October 28, 1989 when she fell while descending a flight of stairs leading to the basement where the ladies' room was located and suffered a fracture to her right elbow. On the trial in this personal injury action, she testified that as a "girl came up [the stairs] I started to the right when I lost my balance and slid on the wetness of the mat". She further testified that "there was no handrailing, where the stairs just drop off and I turned to grab the handrailing, and it was too far from my reach". She stated that the stairs became wet from water on the cellar floor and that she had slipped on the fourth or fifth stair. Her testimony was corroborated by her sister who was with her that evening. Other witnesses confirmed the presence of water on the cellar floor and the stairs. A former bartender testified to customer complaints about the wetness, which were reported to the owners, and confirmed the lack of a wall or railing adjacent to the three bottom steps. An architect called by plaintiff as an expert witness

testified that the stairs failed to comply with present building code requirements, but he was uncertain whether the stairway was "grandfathered in" because it existed prior to the building code and knew of no citations issued to defendants for code violations. The trial jury awarded damages of $92,897, found defendants 90% at fault and apportioned comparative negligence against plaintiff at 10%.

This appeal by defendants is limited to two specific contentions. First, defendants argue that the refusal of Supreme Court to give an intervening cause charge to the jury was error. They claim the testimony showed that plaintiff was angry because she had been run off the stairway by a woman causing her to fall, which defendants contend was an intervening cause between their negligence and the happening of the accident. In denying the request to charge, Supreme Court held that the stairway was "meant to carry people down and people up and so it could have been anticipated by the defendant" (sic) and, further, that the testimony showed that "according to architectural standards the stairway should have been wider".

To establish a prima facie case of negligence, a plaintiff must establish that the negligence of the defendant was a substantial cause of the events which produced the injury and, where an intervening act is alleged to have contributed to the injury, "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Unless plaintiff's conduct or her contact with a third person was so extraordinary and unforeseeable as to constitute an intervening cause, an intervening cause charge to the jury cannot be supported (see, Cruz v New York City Tr. Auth., 136 AD2d 196, 199). The evidence in this case, even viewed most favorably to defendants, was sufficient to establish that the accident was a foreseeable consequence of defendants' failure to have kept the cellar floor and stairs dry, to have provided a stairway of adequate width to accommodate persons using the stairs both ascending and descending, and to have provided a handrail which ran from the top to the bottom of the stairs. It was certainly foreseeable that from a crowd of 200 to 300 persons present in the premises, two customers could use the stairs in opposite directions at the same time. Consequently, we find no error in the refusal of Supreme Court to grant defendants' request for an intervening cause charge to the jury.

Defendants' second contention is that reversible error re-

sulted from the supplemental instruction on proximate cause given to the jury. Conceding that the initial charge was appropriate, they focus on a single line in a rather lengthy supplemental instruction given when the jury requested a dictionary and further clarification on proximate causation. Supreme Court repeatedly and scrupulously instructed that "[a]n act or omission is a proximate cause of an injury if it was a substantial factor in bringing about the injury" and used the words "was a substantial factor", identifying those words as the "probative term". Defendants nonetheless argue that reversible error resulted when the court added, "If you find that the accident would not have occurred except for the negligence of somebody then that somebody's negligence would be a proximate cause of the accident." We cannot agree.

When viewed as a whole, the instruction was proper (see, e.g., Bartlett v General Elec. Co., 90 AD2d 183, 186). Supreme Court repeatedly emphasized that to be a proximate cause, a negligent act had to be a substantial factor in bringing about the injury. In any event, were we to find otherwise, the error must be deemed harmless in view of the fact that the jury found plaintiff chargeable with comparative negligence and apportioned 10% of the fault against her (see, Gonzalez v City of New York, 148 AD2d 668, 672-673, lv denied 74 NY2d 608).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.