■ ALFREDO VERA, Appellant, v BIELOMATIK CORPORATION et al., Respondents. (And a Third-Party and Second Third-Party Action.) [605 NYS2d 75] —Order, Supreme Court, Bronx County (Philip C. Modesto, J.), entered on or about March 12, 1992, which denied plaintiff's motion for a new trial and dismissed the complaint and defendants' third-party complaints, while denying as moot defendants' motion to dismiss for failure to state a cause of action, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reinstating the complaint and the third-party complaints and granting a new trial, and otherwise affirmed, without costs.

Plaintiff, an experienced machine operator for third-party defendant Prudential Feldco, suffered a serious injury by electric shock, requiring multiple skin grafts, while operating a mechanical paper cutter built by defendant Bielomatik Corporation and distributed by defendant Matik N.A. The accident occurred when plaintiff, attempting to use a "jog button" to clear a paper jam, came in contact with exposed wires. Plaintiff had already consumed a substantial quantity of beer on this warm July day, and had doused himself with water to cool off.

After trial on claims of negligence and product liability, the jury was presented with a verdict sheet consisting of 14 pages of interrogatories. Despite the detailed instructions therein, the jury proceeded to go gravely astray by rendering responses to the interrogatories which were entirely inconsistent with each other and with the general verdict. For example, the jury found that the mechanism was defective, that defendants and plaintiff were both negligent, and that Bielomatik had breached an implied warranty of fitness, but answered "no" as to whether any of these factors had proximately caused plaintiff's injury. Third-party defendant Prudential Feldco was found negligent, and that negligence *was* found to be a proximate cause of the accident. Thus, after exonerating the primary defendants, the jury broke forbidden ground in finding a third-party defendant liable, and then went on not only to

apportion liability among *all* the parties (25% against Bielo-matik, 10% against Matik, 45% against third-party defendant Prudential Feldco, and 20% against plaintiff), but also to calculate damages for economic loss and pain and suffering.

The trial court construed these responses as constituting a defendants' verdict, and dismissed the jury. The court then rejected plaintiff's motion to set aside the verdict as inconsistent on the question of proximate cause, and against the weight of the evidence, noting plaintiff's failure to carry the burden in establishing proximate cause, and that any "alleged inconsistency" was unpreserved by plaintiff's failure to request resubmission of the verdict to the jury. Plaintiff appeals.

This case is a paradigm of the problems which arise with excessively detailed interrogatories. The jury was hopelessly confused. The fact that a general verdict may have been rendered for the primary defendants is wholly inconsistent with the jury's detailed findings of liability and damages. Such internal inconsistency can only be remedied upon further consideration by the jury (obviously no longer possible) or by a new trial *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, *revg* 67 AD2d 719).

Generally speaking, a finding of negligence is not inconsistent with a finding of no proximate cause, as Chief Judge Cardozo instructed in *Palsgraf v Long Is. R. R. Co.* (248 NY 339). However, cases can arise where a negligent act or condition is so proximate to the injury that no other cause is conceivable *(see, e.g., Bucich v City of New York,* 111 AD2d 646). Clearly, ours is not a *Bucich* situation. The jury evidently wanted to find plaintiff's employer primarily liable—a result that was legally impossible. Once a verdict was rendered in favor of the manufacturer and distributor, the third-party actions were also extinguished as a consequence. But the lingering question clearly remains: whether the jury truly intended complete exoneration for the primary defendants. On this record we cannot agree with the trial court's ruling that the jury findings of no proximate cause conclusively resolved, in and of themselves, the obvious inconsistencies with the succeeding responses as to liability and damages.

There is no merit to defendants' argument that plaintiff's failure to move for reconsideration of the verdict conclusively waived his right to seek a new trial, and foreclosed the availability of this relief on appellate review. Where a jury's responses to interrogatories are inconsistent with its general verdict, or are internally inconsistent absent a general verdict, the court is empowered *either* to resubmit the verdict *or* to

order a new trial (CPLR 4111 [c]). It stands to reason that once a jury has been disbanded, it is too late to require that its answers be reconsidered, and for that reason a new trial is generally in order *(see, Nallan v Helmsley-Spear, Inc.,* 67 AD2d, *supra,* at 721). Thus, the disbanding of the jury without plaintiff's noted objection here obliterated neither his right to seek a new trial, nor the court's capacity to grant it, where the interest of justice manifestly requires it. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.