■ ORIX CREDIT ALLIANCE, INC., Appellant-Respondent, v GRACE INDUSTRIES, INC., et al., Respondents-Appellants. [621 NYS2d 655] —In an action, *inter alia,* to recover on a conditional-sale-contract note, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated May 19, 1993, as denied those branches of its motion which were for summary judgment on the first, fifth, and sixth causes of action of the verified complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment on its first cause of action and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiff.

Pursuant to a conditional-sale-contract note (hereinafter the note) executed on March 31, 1992, the defendant Grace Industries, Inc. (hereinafter Grace) was obligated to pay monthly installments of $12,066 to the plaintiff in connection with Grace's conditional purchase of construction equipment. Insofar as relevant, the note contained an addendum giving Grace the right to terminate the conditional sale contract (hereinafter the contract) "after the third monthly installment". The addendum further provided that "[i]n order to exercise the aforesaid [right of termination, Grace] must * * * [o]n or before the Termination Date, have paid the third monthly installment". The addendum set forth the termination date as June 25, 1992.

In a letter dated May 21, 1992, which was telecopied to the plaintiff, Grace attempted to exercise its right to terminate the contract as of June 25, 1992. In a letter also dated May 21, 1992, the plaintiff rejected Grace's attempt to terminate the contract allegedly because Grace had failed to pay the installment due on April 25, 1992. The letter declared Grace in default, and accelerated the remaining payments under the note. The plaintiff then commenced the instant action, *inter alia,* to recover the balance due on the note and to enforce two guarantees executed by the defendants Richard Grace and Anthony Grace & Sons, Inc. Thereafter, the plaintiff moved, *inter alia,* for summary judgment on its first, fifth, and sixth

causes of action seeking to recover the balance due on the note and to enforce the guarantees. The defendants cross-moved, *inter alia,* for summary judgment dismissing the complaint. The Supreme Court denied the motion and cross motion, reasoning that unspecified issues of fact precluded summary judgment. We now modify the order to grant summary judgment in favor of the plaintiff on its first cause of action to recover the balance due on the note.

As the parties concede, the issue regarding Grace's liability for the accelerated balance due on the note depends upon the validity of its attempt to exercise the right to terminate the contract. Construing the note and termination addendum pursuant to their plain and unambiguous terms and without resort to extrinsic evidence *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *North Fork Bank & Trust Co. v Romet Corp.,* 192 AD2d 591), we find that Grace's attempted termination was invalid because Grace failed to tender the third monthly installment on or before the termination date of June 25, 1992. Indeed, the addendum made compliance with this requirement an express condition of Grace's right to terminate the contract. Grace was clearly aware of this requirement, as evidenced by the fact that, during negotiation of the terms of the addendum, Grace's counsel objected to the necessity of making the third payment in the event of Grace's decision to exercise its right to terminate the contract. Nevertheless, the requirement remained in the addendum, which was executed by sophisticated businessmen represented by counsel *(see generally, Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573; *Key Intl. Mfg. v Stillman,* 103 AD2d 475, *affd* 66 NY2d 924).

Grace did not tender payment of the third installment with its letter in which it attempted to exercise its right to terminate the contract, nor did it pay the third installment at any time up to and including the June 25, 1992, termination date. It was not until July 17, 1992 that Grace finally tendered the third installment payment, which was rejected by the plaintiff. This untimely tender, made long after the termination date and after the plaintiff declared Grace in default and demanded acceleration of the balance due on the note, was patently inadequate under the terms of the addendum and rendered Grace's attempt to terminate the contract invalid. In this regard, we find unpersuasive Grace's present contention that its failure to timely pay the third installment was attributable to the erratic billing practices of the plaintiff. The addendum placed an affirmative obligation upon Grace to pay

the third installment by the termination date as a condition of its right to terminate the contract. Thus, the plaintiff's alleged failure to timely bill Grace for that installment cannot excuse Grace's failure to comply with that condition. Accordingly, the plaintiff is entitled to summary judgment on its first cause of action pursuant to the acceleration clause in the parties' agreement based on Grace's invalid attempt to terminate the contract and its nonpayment on the note *(see generally, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra; East Lincoln Realty Ctr. v Isley,* 170 AD2d 574; *Key Intl. Mfg. v Stillman, supra).* In view of this determination, we need not reach the plaintiff's remaining arguments regarding Grace's attempt to terminate the contract.

However, we agree that the Supreme Court properly denied the branches of the plaintiff's motion which were for summary judgment on its fifth and sixth causes of action to enforce the undated guarantees executed by the defendants Richard Grace and Anthony Grace & Sons, Inc. Our review of those documents demonstrates that they are intended to secure the obligations of an entity known as "Grace Contracting Corp.". There is nothing in the record indicating the relationship between this entity and the defendant Grace Industries, Inc., or whether the guarantees were intended to secure the obligations of the defendant Grace Industries, Inc. *(see generally, Fehr Bros. v Scheinman,* 121 AD2d 13). Under these circumstances, the defendants have succeeded in raising issues of fact regarding the applicability and validity of the guarantees. We note that in reaching this determination, we have not considered the material dehors the record which the defendants improperly appended to their reply brief.

In light of our determination of the foregoing issues, we discern no error in the denial by the Supreme Court of the branch of the defendants' cross motion which was for summary judgment dismissing the complaint. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.