■ ORIX CREDIT ALLIANCE, INC., Respondent, v GRACE INDUSTRIES, INC., et al., Appellants. [647 NYS2d 522] —In an action, *inter alia,* to recover on a conditional-sale-contract note, the defendants appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated May 22, 1995, which denied their motion to vacate a judgment of the same court, dated April 6, 1995.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, and the judgment is vacated.

On a prior appeal in this action, this Court determined that the plaintiff was entitled to an award of summary judgment on

its first cause of action to recover the accelerated balance of a note from the defendant Grace Industries, Inc. (hereinafter Grace) (*see, Orix Credit Alliance v Grace Indus.*, 211 AD2d 705). However, this Court's order did not direct the entry of judgment on that cause of action, nor did it sever the plaintiff's remaining causes of action. On April 6, 1995, the clerk of the court in Queens County entered a money judgment in favor of the plaintiff on its first cause of action and severed and continued the plaintiff's remaining causes of action. Grace moved to vacate the judgment and the Supreme Court denied the motion. We reverse.

In the absence of a court order directing the entry of judgment and severing the remaining causes of action (*see,* CPLR 603, 5012, 5016 [b]) or a statute expressly permitting such action (*see, e.g.,* CPLR 3215 [a]), the clerk was without authority to issue the challenged judgment, and it therefore must be vacated. Furthermore, the entry of judgment on the first cause of action and severance of the remaining causes of action would be inappropriate under the circumstances of this case. The plaintiff's second and third causes of action seek alternative relief for the same wrong alleged in the first cause of action, and those causes of action have not been discontinued or withdrawn. Therefore, an impermissible double recovery might result if the plaintiff was allowed to enter judgment on the first cause of action while pursuing the severed second and third causes of action. However, we agree with the plaintiff that neither its fourth, fifth, or sixth causes of action nor the affirmative defenses and counterclaims asserted by Grace would pose any impediment to the entry of judgment on the first cause of action and severance of the remaining claims. In this regard, we note that the prior order of this Court necessarily determined that the contract note was enforceable and that Grace had breached its obligations thereunder.

Finally, any contentions of the parties regarding the amount of interest to be awarded on the judgment have been rendered academic by reason of the foregoing determination. In the event that the plaintiff moves for the entry of judgment in the Supreme Court at some future date, the parties may present their contentions regarding interest to the Supreme Court at that time. Bracken, J. P., Sullivan, Santucci and McGinity, JJ., concur.