■ DAVID FISHMAN, Appellant, v CHRISTOPHER BEACH, Defendant, and GINO M. MASCIOTRA, Respondent. [654 NYS2d 854] —Peters, J. Appeal from that part of a judgment of the Supreme Court (Kramer, J.), entered March 11, 1996 in Albany County, upon a verdict rendered in favor of defendant Gino M. Masciotra.

The facts underlying this negligence action stem from an early morning incident which occurred on May 18, 1991 on Madison Avenue in the City of Albany. After plaintiff was pushed into the street by defendant Christopher Beach, he was struck by a car driven by defendant Gino M. Masciotra (hereinafter defendant). After trial, the jury found that defendant was not negligent. Plaintiff now appeals, contending that Supreme Court erred when it charged the jury on the issue of intervening causation (see, PJI 2d 2:72, at 173 [1996 Supp]).

Mindful that "[u]nless plaintiff's conduct or [his] contact with a third person was so extraordinary and unforeseeable as to constitute an intervening cause, an intervening cause charge to the jury cannot be supported" (*Root v Feldman*, 185 AD2d 409, 410), we conclude, upon our review of the record, that there was sufficient evidence to support the charge. Testimony revealed that prior to being pushed, plaintiff was standing close to the curb, bent between two parked cars, while talking to his friend who was involved in the altercation. A witness testified that when defendant's car was approximately 200 yards away, the two youths were leaning against the car, holding each other, while the witness attempted to cool them down. It was not until defendant's car was approximately 20 feet away that Beach, whom he observed earlier just standing around watching, pushed plaintiff into the line of the moving vehicle. Plaintiff, weighing approximately 200 pounds, testified that he suddenly felt "a violent push from the back" and, according to witnesses, became airborne, flying approximately $3^1/2$ feet, until he was hit by defendant's car. The investigating officer testified that defendant's actions were not listed as a factor contributing to the accident "[b]ecause after investiga-[tion] * * * we did not feel that he contributed to the accident at all". Defendant acknowledged that when he saw this group, he reduced his speed and began to gradually change lanes. Upon this evidence, we find that the charge was appropriately proffered to the jury (*cf., Root v Feldman, supra,* at 410; *Martinez v Gouverneur Gardens Hous. Corp.,* 184 AD2d 264, 266, *lv denied* 80 NY2d 759).

Since plaintiff's remaining issue was raised for the first time in his reply brief, it is not properly before this Court for review (*see, McCue v McCue,* 225 AD2d 975, 977; *O'Sullivan v O'Sullivan,* 206 AD2d 960, 960-961).

Supreme Court's judgment is hereby affirmed in its entirety.

Crew III, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.