■ In the Matter of ZMK Realty Co., Respondent, v Ghazi Bokhari, Appellant. (Matter No. 1.) Bee, Eisman & Ready, Respondent, v ZMK Realty Co., Respondent, an Ghazi Bokhari, Appellant. (Matter No. 2.) [700 NYS2d 216] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award (Matter No. 1) and a related interpleader action (Matter No. 2), Ghazi Bokhari appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered September 22, 1998, which granted the motion of ZMK Realty Co. in Matter No. 1 for an order declaring, nunc pro tunc, that the court's prior order dated November 6, 1997, constituted an "order and judgment", and (2) from so much of an order of the same court, entered September 17, 1998, in Matter No. 2, as (a) granted the motion of the plaintiff to dismiss his counterclaim and (b) denied the motion of the defendant ZMK Realty Co. to dismiss his cross claim.

Ordered that the appeal from so much of the order entered September 17, 1998, as granted the motion of the plaintiff in Matter No. 2 to dismiss the appellant's counterclaim is dismissed as abandoned (*see, Lamphear v State of New York,* 91 AD2d 791); and it is further,

Ordered that the appeal from so much of the order entered September 17, 1998, as denied the motion of ZMK Realty Co. to dismiss the appellant's cross claim in Matter No. 2 is dismissed, as the appellant is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order entered September 22, 1998, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment pursuant to CPLR 7514; and it is further,

Ordered that the appellant is awarded one bill of costs.

We agree with appellant's contention that the Supreme Court improvidently exercised its discretion in refusing to entertain his submission of a proposed judgment for signature, and by declaring nunc pro tunc that its prior order dated November 6, 1997, confirming an arbitration award constituted an "order and judgment" (*see,* CPLR 7514). The time limit for the submission of a proposed judgment for signature contained in 22 NYCRR 202.48 was not applicable in this case (*see, Funk v Barry,* 89 NY2d 364). O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.