■ In the Matter of PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., Appellant, v CITY OF NEW YORK, Respondent. [783 NYS2d 816]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 4, 2003, which deemed a prior order, same court and Justice, entered August 13, 2003, to be a final judgment confirming the arbitration award dated September 4, 2002, and denied interest on the arbitration award, unanimously modified, on the law, to the extent of remanding the action to Supreme Court, New York County, and directing that court to enter judgment in accordance with the arbitrator's award, and otherwise affirmed, without costs.

The August order, directing that the Patrolmen's Benevolent Association execute welfare agreements with the City and ordering the City to "pay what was awarded by the arbitrators" did not dispose of all of the claims between the parties (*see Burke v Crosson*, 85 NY2d 10, 15 [1995]), and did not specify the amount for which a judgment was to be rendered (*see Marna Constr. Corp. v Town of Huntington*, 31 NY2d 854 [1972]). We note that the award itself did not specify the amounts due. Also lacking in the August order was any direction that judgment be entered by the Clerk (*see* CPLR 5016 [c]; *Orix Credit Alliance v Grace Indus.*, 231 AD2d 502 [1996]; *Barrier Sys. v A.F.C. Enters.*, 279 AD2d 543 [2001]). The order on appeal, which deemed, nunc pro tunc, the August order to be a "final" order or judgment, was ineffective as it added nothing to correct the numerous deficiencies of the August order (*see Matter of ZMK Realty Co. v Bokhari*, 267 AD2d 391 [1999]).

The court properly denied petitioner statutory interest. Inter-

est was not contemplated in the parties' various agreements which contain no provision therefor.

We have considered and rejected petitioner's remaining claims. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.