*76 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and defendant’s motion to vacate the “default” judgment and restore the matter to the trial calendar is granted.
In this action for breach of contract, the parties entered into a stipulation, which was so-ordered by the court, that provided that defendant would be precluded from offering evidence at trial, and its answer and counterclaims would be stricken, if it did not serve responses to plaintiffs discovery demands within 60 days of the date of the stipulation. Defendant failed to provide a timely response to plaintiffs discovery requests, and plaintiff moved to enforce the so-ordered stipulation and for entry of a “default” judgment in its favor. Defendant failed to oppose the motion. By order entered July 1, 2008, the Civil Court (Joseph Esposito, J.) granted the branch of plaintiffs motion seeking to enforce the so-ordered stipulation but denied the branch of its motion seeking to enter a “default” judgment. Nevertheless, plaintiff subsequently requested the clerk of the court to enter judgment in its favor in the principal sum of $20,000, plus interest, costs and disbursements, and judgment was thereafter entered “on default,” awarding plaintiff the sum of $27,828.50. By order entered March 5, 2009, the Civil Court (Timothy J. Dufficy, J.) denied defendant’s motion to vacate the “default” judgment and restore the matter to the trial calendar.
In its July 1, 2008 order, the Civil Court determined that defendant was precluded from offering evidence at trial related to its defenses, affirmative defenses, and counterclaims, and that defendant’s answer and counterclaims were stricken. However, that order specifically denied the branch of plaintiffs motion seeking the entry of a “default” judgment. In the absence of a court order directing the entry of judgment (see CPLR 5016 [c]) or a statute expressly permitting such action (see e.g. CPLR 3215 [a]), the clerk was without authority to enter judgment (see Matter of Patrolmen’s Benevolent Assn. of City of N.Y., Inc. v City of New York, 12 AD3d 247 [2004]; Barrier Sys. v A.F.C. Enters., 279 AD2d 543 [2001]; Orix Credit Alliance v Grace Indus., 231 AD2d 502 [1996]; 73 NY Jur 2d, Judgments § 68). Accordingly, defendant’s motion to vacate the “default” judgment and restore the matter to the trial calendar is granted.
Defendant, however, is still precluded from offering evidence at trial related to its defenses, affirmative defenses, and *77 counterclaims, and its answer and counterclaims remain stricken. The conditional so-ordered stipulation defendant entered into with plaintiff became absolute upon defendant’s failure to sufficiently and timely comply with its terms (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]; State Farm Mut. Auto. Ins. Co. v Hertz Corp., 43 AD3d 907 [2007]; Zouev v City of New York, 32 AD3d 850 [2006]; Lopez v City of New York, 2 AD3d 693 [2003]; Siltan v City of New York, 300 AD2d 298 [2002]), and defendant has failed to demonstrate a reasonable excuse for its failure to timely comply (see Kirkland v Fayne, 78 AD3d 660 [2010]; Marrone v Orson Holding Corp., 302 AD2d 371 [2003]; Hartloff v Hartloff, 296 AD2d 847 [2002]).
Rios, J.E, Weston and Golia, JJ., concur.