# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1388**
**CA 11-02090**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

STEPHEN APPLEBEE, PLAINTIFF-APPELLANT,

               V                                       MEMORANDUM AND ORDER

COUNTY OF CAYUGA, DEFENDANT-RESPONDENT.
------------------------------------------
COUNTY OF CAYUGA, THIRD-PARTY PLAINTIFF,

               V

VILLAGE OF PORT BYRON, THIRD-PARTY
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LYNCH LAW OFFICE, SYRACUSE, CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

DAVIDSON & O'MARA, P.C., ELMIRA (THOMAS F. O'MARA OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

     Appeal from a judgment of the Supreme Court, Cayuga County (Mark
H. Fandrich, A.J.), entered February 9, 2011 in a personal injury
action. The judgment dismissed plaintiff's complaint.

     It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

     Memorandum: Plaintiff commenced this action against defendant-
third-party plaintiff, County of Cayuga (County), seeking damages for
injuries that he sustained when the vehicle in which he was riding hit
a bump in the road. According to plaintiff, the County had failed to
maintain the road in an adequate condition. The County commenced a
third-party action against the Village of Port Byron, and the case
proceeded to trial. It is undisputed that the jury's answers to the
interrogatories submitted under CPLR 4111 (c) were inconsistent both
internally and with the general verdict in plaintiff's favor (*see e.g.
Vera v Bielomatik Corp.*, 199 AD2d 132, 133). Specifically, while the
jury found that plaintiff's conduct constituted a superseding cause of
his own injuries, it also found that the County was 45% at fault for
those injuries, which is legally impossible (*see Soto v New York City*

*Tr. Auth.*, 6 NY3d 487, 492).  No party objected to the inconsistent verdict, however, and the jury was discharged.

One week later, the County obtained a ministerial judgment from the Cayuga County Clerk pursuant to CPLR 5016 (b) that dismissed the complaint, presumably upon the assumption that the jury's finding of superseding cause required a judgment in its favor.  That is the judgment at issue in appeal No. 1.  Plaintiff thereafter moved to vacate that judgment.  By the order at issue in appeal No. 2, Supreme Court denied the motion and held that the jury's finding of superseding cause permitted a judgment in the County's favor.  That order also provided that "the clerical entry of judgment herein by the Cayuga County Clerk is hereby approved, nunc pro tunc."

The procedure for addressing inconsistent interrogatory responses is spelled out in CPLR 4111 (c) (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40; *Midler v Crane*, 67 AD3d 569, 579, *revd on other grounds* 14 NY3d 877, *rearg denied* 15 NY3d 821).  When, as here, a jury's responses to interrogatories are inconsistent both with each other and with the general verdict, the court, under the plain terms of the statute, "only has the power to either ask the jury to further consider its answers and verdict[] or [to] order a new trial" (*Mars Assoc. v New York City Educ. Constr. Fund*, 126 AD2d 178, 190, *lv dismissed* 70 NY2d 747; *see Dubec v New York City Hous. Auth.*, 39 AD3d 410, 411; *Vathy v Rupp Rental Corp.*, 43 AD2d 892, 893).  In other words, no judgment may be rendered in favor of either party under these circumstances.  We therefore conclude that the Clerk lacked authority to enter the judgment at issue in appeal No. 1 as a ministerial act pursuant to CPLR 5016 (b) (*see Orix Credit Alliance v Grace Indus.*, 231 AD2d 502, 503 [*Orix I*]; 73 NY Jur 2d, Judgments § 73, n 3; *see also Matter of National Equip. Corp. v Ruiz*, 19 AD3d 5, 15-16).  The Clerk's judgment was thus a nullity from which no appeal lies (*see Wood v Dolloff*, 52 AD3d 1190, 1190; *Pavone v Walters*, 214 AD2d 1052, 1052; *see generally Pauk v Pauk*, 234 AD2d 280, 281; *Orix Credit Alliance v Grace Indus.*, 231 AD2d 503, 504).  We note that the court's later approval, in the order at issue in appeal No. 2, of the entry of the Clerk's judgment on a nunc pro tunc basis "was ineffective as it added nothing to correct [its] deficiencies" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v City of New York*, 12 AD3d 247, 247; *see Matter of ZMK Realty Co. v Bokhari*, 267 AD2d 391, 392).

In appeal No. 2, we conclude that the court erred in denying plaintiff's motion to vacate the Clerk's judgment.  Because, as noted, the Clerk lacked the authority to enter that judgment in the County's favor as a ministerial act pursuant to CPLR 5016 (b), it was void and should have been vacated by the court on plaintiff's motion (*see Orix I*, 231 AD2d at 503).  Moreover, because CPLR 4111 (c) forbids the entry of any judgment under these circumstances, the court erred in attempting to cure the Clerk's defective ministerial judgment by itself "approv[ing]" of its entry (*see Mars Assoc.*, 126 AD2d at 187-190; *Vathy*, 43 AD2d at 892-893; *cf. Marine Midland Bank*, 50 NY2d at 40-41; *National Equip. Corp.*, 19 AD3d at 15-16), and we conclude

that the proper remedy is a new trial.  We agree with the First Department that, "once a jury has been disbanded, it is too late to require that its [interrogatory] answers be reconsidered, and for that reason a new trial is generally in order" (*Vera*, 199 AD2d at 134).  Moreover, "the disbanding of the jury without . . . objection . . . obliterate[s] neither [the] right to seek a new trial[] nor the court's capacity to grant it[] where[, as here,] the interest of justice manifestly requires it" (*id.; but see Preston v Young*, 239 AD2d 729, 732).  In any event, "where, as is the case here, the record is confusing and incomplete . . . this [C]ourt can in the interest of justice [grant] a new trial" (*Weckstein v Breitbart*, 111 AD2d 6, 8; *see* CPLR 5522 [a]).

Finally, because we are granting a new trial, we note that the court erred in instructing the jury on the doctrine of superseding cause.  Such an instruction is only warranted when, insofar as relevant here, the plaintiff's conduct was so extraordinary and unforeseeable that it "breaks the chain of causation" and thereby relieves the defendant of liability for any resulting injuries (*Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 637; *see Fishman v Beach*, 237 AD2d 705, 706).  Here, we conclude that plaintiff's allegedly negligent conduct was not so extraordinary and unforeseeable that it warrants a superseding cause instruction (*see Root v Feldman*, 185 AD2d 409, 410).

The parties' remaining contentions either lack merit or are rendered academic by our decision.

Entered:  February 8, 2013

Frances E. Cafarell
Clerk of the Court