Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 23, 2012, after a jury trial, awarding plaintiff attorney fees in the amount of $381,250, plus statutory interest, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial.
Plaintiff, Bellinson Law, LLC, brought this breach of contract claim against its former client, defendant Robert Iannucci, to recover an unpaid contingent fee following its representation of defendant in a federal civil rights action. Pursuant to a retainer agreement and an addendum to the retainer agreement (addendum), defendant agreed to pay plaintiff a contingent fee if the case settled before jury selection was completed. However, when the case settled prior to trial for the amount of $2.125 million, defendant refused to pay plaintiff the agreed upon fee, asserting that plaintiff failed to perform under the contract. Plaintiff then commenced this action, seeking the unpaid attorney fees.
During the jury charge, the trial court presented the jury with a verdict sheet containing the three following interrogatories: (1) was there a contract between the parties, (2) did plaintiff perform its obligations under the contract, (3) was defendant obligated to pay plaintiff for its services under the contract. Following deliberations, the jury answered question one yes, concluding there was a contract between the parties, but responded no to question two, finding that plaintiff had not *402 performed its obligations under that contract. When asked by the court, in response to the third question, if the defendant was obligated to pay plaintiff for its services under the contract, the jury answered “yes.” Before the jury was discharged, defendant’s counsel asked to speak to the court and a side bar was held. We do not know what was discussed at the side bar. The jury was then discharged.
Following the jury’s departure, defendant’s counsel argued that the jury’s findings presented “an inconsistency that is insurmountable.” As no quantum meruit claim had been submitted to the jury, defendant’s attorney contended that a finding that “[pjlaintiff did not perform would not permit a jury to award any money to” plaintiff. The trial court, however, found that “there is a view of the evidence, whereby this verdict is not inconsistent.” Under the addendum, plaintiff was required to keep a list of hours and expenses because defendant was going to seek an award of fees if defendant obtained a winning verdict in the federal action. As the federal case never went to trial, the trial court determined that the jury could have found that, although plaintiff did not fulfill its obligation under the contract, it was not required to do so and, therefore, defendant was still obligated to pay plaintiff for its services. The court then entered a judgment against defendant awarding plaintiff its contingent fee, plus statutory interest from the date of the breach.
On appeal, defendant asserts that the jury’s answers to the interrogatories were inconsistent and the trial court erred by failing to resubmit the verdict or, alternatively, order a new trial (see CPLR 4111 [c]; Vera v Bielomatik Corp., 199 AD2d 132, 133-134 [1st Dept 1993]; Mars Assoc. v New York City Educ. Constr. Fund, 126 AD2d 178, 187 [1st Dept 1987], lv dismissed 70 NY2d 747 [1987]). We agree. The jury’s responses to the second and third interrogatories are not only in direct conflict with one another, but puzzling given the jury charge. The trial court instructed the jury that “if you find all of the agreed-upon services have been performed, then the [p]laintiff is entitled to recover the fee agreed upon or such part of that fee as you find remains unpaid.” In light of these instructions, the jury’s finding that defendant is obligated to pay plaintiff, even though plaintiff did not perform its obligations under the contract, is “logically impossible” (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518 [1980]).
As the verdict was inconsistent, pursuant to CPLR 4111 (c), the court was obligated to either resubmit the interrogatories to the jury or order a new trial (Mars Assoc., 126 AD2d at 187 *403 [when a jury’s responses to interrogatories are internally inconsistent, the “trial court’s only options are to either order reconsideration by the jury or a new trial”]). The trial court “engaged in improper speculation as to the jury’s thought process” by attempting to reconcile the jury’s answers with the evidence (Dubec v New York City Hous. Auth., 39 AD3d 410, 411 [1st Dept 2007]), based upon a theory that was not part of the jury’s findings. In the absence of more detailed interrogatories to the jury outlining the different theories under which plaintiff could receive payment and asking the jury to determine the issue on which the trial court ultimately relied, the trial court’s theory is pure speculation. The trial court should have required the jury to reconsider the interrogatories or order a new trial, even though defense counsel did not request, on the record, that the verdict be resubmitted to the jury (see Vera, 199 AD2d at 134 [because the jury had been discharged and could no longer reconsider its verdict, “justice manifestly” required a new trial even though counsel did not request the verdict be resubmitted to the jury]; see also Applebee v County of Cayuga, 103 AD3d 1267, 1268-1269 [4th Dept 2013] [a new trial ordered where the jury’s verdict was inconsistent although neither party had objected to the verdict prior to the jury being discharged]). Because it is no longer possible to have the jury reconsider its answers, a new trial is now required (see Vera, 199 AD2d at 134).
We note that, although the parties focus their arguments on appeal on the issue of whether the verdict was a special or general verdict, such a determination is unnecessary. In Nallan, the Court of Appeals stated that, although CPLR 4111 (c) only considers a new trial “when the jury’s answers to interrogatories are accompanied by a general verdict and there is an internal inconsistency,” there is “no reason why” a new trial cannot be an available remedy where the jury has rendered a special verdict (50 NY2d at 518 n 5). Indeed, when a verdict is inconsistent and the jury has been discharged, a new trial is the most appropriate remedy (see DePasquale v Morbark Indus., 254 AD2d 450, 450 [2d Dept 1998] [inconsistent special verdict]; see also Vera, 199 AD2d at 134).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Mazzarelli, J.E, Friedman, Renwick, Moskowitz and Richter, JJ.