OPINION OF THE COURT
Robert J. Muller, J.
This is a motion by defendant Robert B. Hunter to vacate a judgment entered by plaintiff David W. Hunter on August 3, 2016 following a referee’s report in this partition action (see RPAPL art 9). In the 1970s, the parties’ parents purchased approximately 100 acres of property on Tahawus Road in the Town of Newcomb, Essex County. In 2004, the property was transferred to plaintiff and defendant, who are brothers. A furnished cottage, outbuildings and various equipment— including the generator that supplied the only available electrical power—were located on the property. Defendant, who was retired and residing in Florida, had spent summers at the premises since 2008. The parties ostensibly did not have an amicable relationship and, in 2012, plaintiff commenced this partition action. On the day trial was set to commence in January 2015, the parties reached a settlement and a stipulation was placed on the record which included, among other things, that defendant would sell his one-half interest in the property to plaintiff for $125,000. The stipulation included a prospective closing date of May 30, 2015 and further provided that defendant could remove various items of his personal property prior thereto. Upon inspecting the property immediately before clos *479 ing, plaintiff concluded that defendant had damaged the property and removed items not authorized by their stipulation and settlement. The closing was postponed and the parties returned to court.
Eventually, the parties submitted a consent order, which the court signed in February 2016, directing that the sale proceed, that a sum of $30,000 from the purchase price be held in escrow by plaintiffs attorney pending a determination of damages (if any) caused by defendant to the property, and that certain issues regarding the property be determined by a referee. Issues to be decided by the referee included whether defendant removed personal property that he was not authorized by the stipulation to take; whether he left property (real and personal) that was damaged as of the May 30, 2015 date of the originally proposed closing; and the amount of damages (if any) sustained by plaintiff as a result of defendant’s alleged noncompliance with the January 2015 stipulation. Following a hearing, the referee rendered a written report on July 25, 2016 finding defendant liable to plaintiff for $28,795 in damages. Based thereon, plaintiff’s counsel prepared and submitted to the Essex County Clerk a money judgment for such amount, which the Clerk signed and entered on August 3, 2016. On September 30, 2016, defendant filed the current motion seeking to vacate the judgment. Defendant contends that plaintiff failed to follow proper procedure in filing the judgment, that the referee’s report was not based on credible and sufficient evidence, and that the judgment should be vacated because of newly discovered evidence.
Defendant initially argues that the judgment should be vacated because the Clerk did not have authority to enter the judgment. “In the absence of a court order directing the entry of judgment (see CPLR 5016 [c]) or a statute expressly permitting such action (see e.g. CPLR 3215 [a]), the clerk [is] without authority to enter judgment” (Al Haag & Son Plumbing & Heating, Inc. v Kuba Realty Corp., 33 Misc 3d 75, 76 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see Matter of Patrolmen’s Benevolent Assn. of City of N.Y., Inc. v City of New York, 12 AD3d 247, 247 [2004]). When an issue is referred to a referee, there are generally “three kinds of references: (1) to determine an issue; (2) to perform an act; and (3) to hear and report on an issue” (Siegel, NY Prac § 379 at 664 [5th ed 2011]; see CPLR 4001; see also CPLR 4201, 4301). Where an issue is referred for determination by a referee, the referee “renders a *480 decision that stands as the decision of the court itself” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4001:l; see CPLR 4319) and a judgment may be entered upon such decision by the referee (see e.g. Breidbart v Wiesenthal, 93 AD3d 753, 753 [2012]; Muir v Cuneo, 251 AD2d 638, 639 [1998]).
The court’s February 2016 order, which was drafted by the parties, provided that the referee’s report would be filed in the Office of the Clerk. The order set forth that $30,000 of the purchase price was being held in escrow for the purpose of “payment as may be ordered and directed by the determination of the referee” (emphasis added). The order additionally stated that, in the event the referee determined that plaintiff had sustained damages, he
“shall be entitled to be paid for such damages from the $30,000 fund being held in escrow in the IOLA Trust account of [his attorney] . . . , with leave to plaintiff to seek a further Order and Judgment of this Court against defendant for a judgment for any amount of said awarded damages in excess of the $30,000 fund” (emphasis added).
The referee filed his report with the Clerk and, after making various factual findings, found that “the Defendant is liable to the Plaintiff in the total amount of $28,795” (emphasis added). It is clear from the language of the February 2016 consent order that, as to the first $30,000 which was held in escrow, the reference to the referee was one to hear and make a determination. While further court action was necessary for an amount exceeding the $30,000 held in escrow, no such action was necessary for the escrowed $30,000. Under such circumstances, plaintiff did not violate CPLR 5016 (c) by submitting to the Court Clerk a judgment for money damages only in the amount of $28,795, the precise amount for which the referee had determined that defendant was liable to plaintiff.
Defendant next argues that the referee’s report contained errors and was not supported by sufficient evidence. It merits noting in such regard that defendant has not submitted a transcript of the hearing before the referee and it appears that no transcript was made. Based on the papers submitted in this motion, there is no viable ground to set aside the referee’s thorough and well-reasoned report.
There is no merit in defendant’s contention that the judgment should be set aside based on newly discovered evidence *481 (see CPLR 5015 [a] [2]). A motion based upon such ground is addressed to the court’s discretion (see e.g. Matter of Maddux v New York State Police, 103 AD3d 1056, 1056 [2013]) and must be based upon evidence which could not have been discovered in a timely fashion and which “would probably have produced a different result” (CPLR 5015 [a] [2]). This has been characterized as “not an easy paragraph to satisfy” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:7). The fact that plaintiff ultimately sold the property in September 2016 to an adjoining owner, the Tahawus Club, for $300,000 is marginally relevant, at best, and not the type of evidence that “would probably have produced” a different result regarding the issues determined by the referee.
Finally, the court is unpersuaded by plaintiff’s assertion that defendant’s motion was frivolous and should result in sanctions and the assessment of counsel fees.
Based upon the foregoing analysis and upon review of the papers as enumerated hereinafter, it is ordered that defendant’s motion is denied; and it is further ordered that any relief not specifically addressed has nonetheless been considered and is hereby expressly denied.